1    MORGAN, LEWIS & BOCKIUS LLP
     John S. Battenfeld, Bar No. 119513
2    300 South Grand Avenue
     Twenty-Second Floor
3    Los Angeles, CA  90071-3132
     Tel:    +1.213.612.2500
4    Fax:    +1.213.612.2501
     john.battenfeld@morganlewis.com
5
     MORGAN, LEWIS & BOCKIUS LLP
6    Christopher J. Banks, Bar No. 218779
     Theresa Mak, Bar No. 211435
7    One Market, Spear Street Tower
     San Francisco, CA  94105-1596
8    Tel:    +1.415.442.1000
     Fax:    +1.415.442.1001
9    christopher.banks@morganlewis.com
     theresa.mak@morganlewis.com
10
     Attorneys for Defendants
11   AMAZON.COM, INC. and AMAZON
     LOGISTICS, INC.
12

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15

16   KIMBERLEE KELLER and TOMMY             Case No. 3:17-cv-02219-RS
     GARADIS, Individually and On Behalf of All
17   Others Similarly Situated,              **DEFENDANTS' MOTION TO
                                             DISMISS, STAY, OR TRANSFER
18                  Plaintiffs,              VENUE PURSUANT TO FIRST-TO-
                                             FILE RULE OR, IN THE
19          vs.                              ALTERNATIVE, TO DISMISS
                                             PLAINTIFFS' COMPLAINT
20   AMAZON.COM, INC.; AMAZON                PURSUANT TO FED. R. CIV. PROC.
     LOGISTICS, INC.; and DOES 1 through 100, 12(b)(6)**
21   inclusive,
                                             Date: June 22, 2017
22                  Defendants.
                                             Time: 1:30 p.m.
23

24

25

26

27

28

MORGAN, LEWIS &
 BOCKIUS LLP
ATTORNEYS AT LAW
  LOS ANGELES

Case No. 3:17-cv-02219-RS                    DEFENDANTS' FIRST-TO-FILE MOTION
                                             TO DISMISS, STAY, OR TRANSFER;
                                             FRCP 12(b)(6) MOTION

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT[1] on June 22, 2017 at 1:30 p.m.,** Defendants will and hereby do move this Court to dismiss, stay, or transfer venue pursuant to the federal "first-to-file" rule and principles of judicial comity in favor of either:

- The related and first-filed *Morales v. Amazon.com LLC, et al.*, Case No. 2:17-cv 01981-ODW-JEM (C.D. Cal.) class action, filed on September 27, 2016  action currently pending in the Central District of California; or

- The related and first-filed *Rittmann, et al. v. Amazon.com, Inc. and Amazon Logistics, Inc.*, Case No. 2:16-cv-01554-JCC (W.D. Wash.), class and collective action currently pending in the Western District of Washington.

Where, as here, an action is brought and there is another earlier filed case (or here two earlier cases) alleging the same or similar claims on behalf of the same or a similar class, principles of federal judicial comity compel dismissal, a stay or transfer.

**PLEASE TAKE FURTHER NOTICE THAT,** in the alternative, pursuant to Fed. R. Civ. P. 12(b), Defendants will and hereby do move this Court for an Order Dismissing Plaintiffs' Eighth, Ninth, Eleventh, and Twelfth claims because Plaintiffs fail to state a claim for relief for the following reasons:  (1) There is no private right of action for Plaintiffs' Causes of Action for violations of Labor Code sections 226.8 and 2753; (2) Plaintiffs' claims for fraud/intentional misrepresentation and trespass/conversion are barred by the new right-exclusive remedy doctrine; and (3) Plaintiffs fail to state a claim for fraud/intentional misrepresentation, and trespass/conversion.

---

[1] Defendants make this motion as a secondary alternative to its contemporaneously-filed Motion to Compel Arbitration.  That is, if Defendants' Motion to Compel is not granted at this time, this Court should stay or transfer this case for the reasons set forth below.  If the Court does not stay or transfer the case, it should dismiss certain claims for the reasons set forth below.

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

Case No. 3:17-cv-02219-RS                    1                    DEFENDANTS' FIRST-TO-FILE MOTION
TO DISMISS, STAY, OR TRANSFER;
FRCP 12(b)(6) MOTION
DB1/ 92066168

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION AND ISSUES TO BE DECIDED ........................................................ 1

II.  STATEMENT OF FACTS ............................................................................................. 2

    A.  The Prior-Filed Morales Action ................................................................. 2

    B.  The Prior-Filed Rittmann Action .............................................................. 2

    C.  The Instant Action ...................................................................................... 3

III. THIS COURT SHOULD DISMISS, STAY, OR TRANSFER THIS ACTION UNDER THE "FIRST-TO-FILE" RULE. ........................................................................ 4

    A.  Chronology of Actions:  Morales and Rittmann were Filed First. ............ 5

    B.  Similarity of Parties:  The Parties are Substantially Similar. .................... 5

        1.  The Putative Classes Include the Same California DPs. ................. 6

        2.  Defendants in all Three Actions are the Same or Substantially Similar. ............................................................................................ 6

    C.  Similarity Of Issues: The Issues are Substantially Similar. ...................... 7

        1.  The Issues in the Morales Action are Substantially Similar to Those in The Instant Action. ........................................................... 7

        2.  The Issues in the Rittmann Action are Substantially Similar to the Instant Action. .......................................................................... 8

        3.  The Issues in All Three Actions Overlap. ...................................... 8

    D.  Equity Compels a Stay, Dismissal, or Transfer of the Instant Action. ..... 9

IV.  IN THE ALTERNATIVE, THE COURT SHOULD DISMISS PLAINTIFFS' EIGHTH, NINTH, ELEVENTH, AND TWELFTH CAUSES OF ACTION ................. 10

    A.  Federal Pleading Standards Under Twombly and Iqbal. ......................... 10

    B.  There is No Private Right of Action for Willful Misclassification. ......... 11

        1.  There is No Private Right of Action for Violations of Labor Code Section 226.8. ....................................................................... 11

        2.  There is No Private Right of Action for Violations of Labor Code Section 2753. ........................................................................ 12

    C.  Plaintiffs Fail to State a Claim for Violation of Section 2753 For the Additional Reason that Amazon Cannot be Held Liable as an Advisor to Itself. ....................................................................................................... 13

    D.  Plaintiffs' Claims for Fraud/Intentional Misrepresentation and Trespass/Conversion are Barred. ............................................................. 13

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:17-cv-02219-RS

i

DEFENDANTS' FIRST-TO-FILE MOTION
TO DISMISS, STAY, OR TRANSFER;
FRCP 12(b)(6) MOTION

DB1/ 92066168

**TABLE OF CONTENTS**
(continued)

Page

1.  Plaintiffs' Claim for Fraud/Intentional Misrepresentation is Barred by the Exclusive Remedy Doctrine. .......................................................... 14

2.  Plaintiffs' Claim for Trespass/Conversion is Barred by the Exclusive Remedy. ..................................................................... 16

3.  Plaintiffs' Cause of Action for Fraud/Intentional Misrepresentation Does Not Satisfy the Heightened Pleading Standard Applicable to Such Claims. ..................................................................... 18

4.  Plaintiffs Fail to State a Claim for Trespass/Conversion for Additional Reasons. ..................................................................... 20

V.  CONCLUSION ..................................................................... 22

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:17-cv-02219-RS                ii                DEFENDANTS' FIRST-TO-FILE MOTION
                                                           TO DISMISS, STAY, OR TRANSFER;
                                                           FRCP 12(b)(6) MOTION

DB1/ 92066168

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alltrade, Inc. v. Uniweld Products, Inc.*
946 F.2d 622 (9th Cir. 1991) ................................................................................................5, 9

*Alvarenga v. Carlson Wagonlit Travel, Inc.*
No. 115CV01560AWIBAM, 2016 WL 466132 (E.D. Cal. Feb. 8, 2016) ..............................18

*In re Apple & ATTM Antitrust Litig.*
No. C 07-05152 JW, 2010 U.S. Dist. LEXIS 98270 (N.D. Cal. July 8, 2010) ......................21

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) .............................................................................................................10

*Barapind v. Reno*
225 F.3d 1100 (9th Cir. 2000) .............................................................................................4, 9

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007) .............................................................................................................10

*Boris v. Wal-Mart Stores, Inc.*
35 F. Supp. 3d 1163, 1174 (C.D. Cal. 2014), *aff'd*, 649 F. App'x 424 (9th Cir. 2016) ....................................................................................................................................19

*Brewer v. Premier Golf Prop.*
168 Cal. App. 4th 1243 (2008) ..........................................................................14, 15, 16, 17

*Cedars-Sinai Med. Ctr. v. Shalala*
125 F.3d 765 (9th Cir. 1997) .................................................................................................4

*Centocor, Inc. v. MedImmune, Inc.*
No. C 02-03252 CRB, 2002 U.S. Dist. LEXIS 21109 (N.D. Cal. Oct. 22, 2002) ...................6

*Destfino v. Reiswig*
630 F.3d 952 (9th Cir. 2011) ...............................................................................................18

*Dist. Council 37 Health & Sec. Plan v. McKesson*
No. C06-00718 SBA, 2006 U.S. Dist. LEXIS 30584 (N.D. Cal. May 11, 2006) ....................6

*Epic Systems Corp. v. Lewis*
(U.S. Jan. 13, 2017) ...............................................................................................................3

*Estrada v. Gomez*
No. 93-16000, 1994 WL 83392 (9th Cir. 1994) .....................................................................9

*Fossum v. Northwestern Mutual Life Insurance Company*
No. C 10-2657 SI, 2010 U.S. Dist. LEXIS 99904 (N.D. Cal. Sept. 16, 2010) .........................9

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:17-cv-02219-RS                    iii                    DEFENDANTS' FIRST-TO-FILE MOTION
                                                                    TO DISMISS, STAY, OR TRANSFER;
                                                                    FRCP 12(b)(6) MOTION

DB1/ 92066168

1

2

**TABLE OF AUTHORITIES**
(continued)

Page(s)

3

4

*In re Google Android Consumer Privacy Litig.*
No. 11-MD-02264 JSW, 2013 WL 1283236 (N.D. Cal. Mar. 26, 2013) ..........................21, 22

5

*Google Inc. v. Am. Blind & Wallpaper Factory Inc.*
No. C 03-05340, 2004 U.S. Dist. LEXIS 27601 (N.D. Cal. April 8, 2004) ..........................6, 7

6

7

*Hadjavi v. CVS Pharmacy, Inc.*
2010 WL 7695383 (C.D. Cal. Sept. 22, 2010)..................................................................18

8

9

*Haigler v. Donnelly*
18 Cal. 2d 674 (1941) ......................................................................................................18

10

*Hernandez v. Path, Inc.*
No. 12-CV-01515 YGR, 2012 WL 5194120 (N.D. Cal. Oct. 19, 2012) ..........................20, 21

11

12

*Hilton v. Apple Inc.*
No. C-13-2167, 2013 WL 5487317 (N.D. Cal. Oct. 1, 2013)..............................................5

13

14

*Inherent v. Martindale-Hubbell*
420 F. Supp. 2d (N.D. Cal. 2006) ....................................................................................7

15

*In re iPhone Application Litig.*
No. 11-MD-02250-LHK, 2011 WL 4403963 (N.D. Cal. Sept. 20, 2011)..........................20, 21

16

17

*Jacobs v. Genesco, Inc.*
No. CIV. S-08-1666, 2008 U.S. Dist. LEXIS 79882 (E.D. Cal., Sept. 3, 2008) ....................14

18

19

*Madrigal v. Tommy Bahama Group, Inc.*
No. CV 09-08924, 2010 U.S. Dist. LEXIS 121573 (C.D. Cal. Oct. 18, 2010) ......................17

20

*Medlock v. HMS Host USA, Inc.*
No. CV F 10-2167 LJO GSA, 2010 WL 5232990 (E.D. Cal. Dec. 16, 2010)......................5, 8

21

22

*Noe v. Superior Court*
237 Cal. App. 4th 316 (2015)....................................................................................11, 12, 13

23

24

*Ochoa v. McDonald's Corp.*
133 F. Supp. 3d 1228, 1241 (N.D. Cal. 2015) .................................................................14

25

*Opperman v. Path, Inc.*
87 F. Supp. 3d 1018, 1046 (N.D. Cal. 2014) ...................................................................19

26

27

*Pacesetter Sys, Inc. v. Medtronic, Inc.*
678 F.2d 93 (9th Cir. 1982).........................................................................................4, 5

28

*Peak v. Green Tree Fin. Serv. Corp*
2000 WL 973685 (N.D. Cal. 2000).............................................................................5, 6

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:17-cv-02219-RS

iv

DEFENDANTS' FIRST-TO-FILE MOTION
TO DISMISS, STAY, OR TRANSFER;
FRCP 12(b)(6) MOTION

DB1/ 92066168

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*PETA, Inc. v. Beyond the Frame, Ltd.*
No. CV 10-07576 MMIM SSX, 2011 WL 686158 (C.D. Cal. Feb. 16, 2011)......................5, 6

*Pulido v. Coca-Cola Enterprises, Inc.*
No. EDCV 06-406, 2006 U.S. Dist. LEXIS 43765 (C.D. Cal. May 25, 2006) ........................14

*Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*
572 F. Supp. 1210 (N.D. Ill. 1983) .................................................................................9

*Rosset v. Hunter Eng'g Co.*
No. C 14-01701 LB, 2014 WL 3569332 (N.D. Cal. July 17, 2014).........................................11

*Sanford v. MemberWorks, Inc.*
625 F.3d 550 (9th Cir. 2010)..........................................................................................18

*Santiago v. Amdocs, Inc.*
No. C 10-4317 SI, 2011 U.S. Dist. LEXIS 36111 (N.D.Cal. Apr. 2, 2011) ...........................17

*Schwartz v. Frito-Lay N. Am.*
No. C 12 02740, 2012 WL 8147135 (N.D. Cal. Sept. 12, 2012)................................................7

*Schwartz v. Prudential-Bache Secs., Inc.*
90-6074, 1991 WL 137157 (E.D. Pa 1991) ....................................................................9

*Semore v. Pool*
217 Cal. App. 3d 1087 (1990)..........................................................................................19

*Steffel v. Thompson*
415 U.S. 452 (1974) ........................................................................................................22

*Thomas v. Home Depot USA, Inc.*
527 F.Supp.2d 1003 (N.D. Cal. 2007) ...........................................................................14

*Van Dusen v. Swift Transp. Co.*
No. 17-15102 (9th Cir. Jan. 20, 2017) ..............................................................................3

*Vasquez v. Coast Valley Roofing Inc.*
2007 WL 1660972 (E.D. Cal., June 6, 2007).................................................................14

*Vess v. Ciba-Geigy Corp. USA*
317 F.3d 1097 (9th Cir. 2003)..........................................................................................18

*Villalpando v. Exel Direct Inc.*
No. 12-CV-04137 JCS, 2014 WL 1338297 (N.D. Cal. Mar. 28, 2014) ...................................11

*In re Wal-Mart Stores, Inc. Wage & Hour Litig.*
505 F. Supp. 2d 609 (N.D. Cal. 2007) .....................................................................14, 16, 17

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:17-cv-02219-RS                          v

DEFENDANTS' FIRST-TO-FILE MOTION
TO DISMISS, STAY, OR TRANSFER;
FRCP 12(b)(6) MOTION

DB1/ 92066168

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Walker v. Progressive Cas. Ins. Co.*
    No. C03-656R, 2003 WL 21056704 (W.D. Wash. May 9, 2003) ............................................7

*Weinstein v. Metlife Inc.*
    No. C 06-04444 SI, 2006 WL 3201045 (N.D. Cal. Nov. 6, 2006) ..........................................6

*Wheat v. California*
    No. C 11-2026 SBA, 2013 WL 450370 (N.D. Cal. Feb 5, 2013)...........................................7

**Statutes**

9 U.S.C.
    § 1 ..................................................................................................................................3

Lab. Code
    § 218 ..............................................................................................................................11
    § 226 ........................................................................................................................14, 17
    § 226.8 ...................................................................................................................... *passim*
    § 226.8(b) ......................................................................................................................11
    § 510 ........................................................................................................................14, 15
    § 1174 ............................................................................................................................14
    § 1174(d) ........................................................................................................................16
    § 1194 ......................................................................................................................14, 15
    § 2753 ..............................................................................................................10, 12, 13
    § 2753(a) ..................................................................................................................12, 13
    § 2753(b) ........................................................................................................................13
    § 2802 ............................................................................................................................15

**Rules and Regulations**

Fed. R. Civ. P. 8(a)(2) .................................................................................................................10

Fed. R. Civ. P. 9(b) .............................................................................................................18, 19

Fed. R. Civ. P. 12(b)(6) ..................................................................................................8, 10, 18

**Other Authorities**

5 Bernard E. Witkin, *Summary of California Law* § 699 (10th ed. 2005) ......................................20

2011 Cal. Legis. Serv. Ch. 706 (S.B. 459) (West) ........................................................................12

CAL. PRAC. GUIDE FED. CIV. PRO. BEFORE TRIAL CH. 9-D ¶ 9:196b
    (Rutter Group 2011) ......................................................................................................18

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:17-cv-02219-RS

vi

DEFENDANTS' FIRST-TO-FILE MOTION
TO DISMISS, STAY, OR TRANSFER;
FRCP 12(b)(6) MOTION

DB1/ 92066168

<b><u>MEMORANDUM OF POINTS AND AUTHORITIES</u></b>

## I.  <u>INTRODUCTION AND ISSUES TO BE DECIDED</u>

Plaintiffs Kimberlee Keller and Tommy Garadis ("Plaintiffs") are *already* potential plaintiffs in two previously filed class and collective actions pending against Amazon for the past seven months:  (1) *Morales v. Amazon.com LLC, et al.*, Case No. 2:17-cv-01981-ODW-JEM (C.D. Cal.), filed on September 27, 2016 and currently pending in the United States District Court for the Central District of California (the "*Morales* action"); and (2) *Rittmann, et al. v. Amazon.com, Inc. and Amazon Logistics, Inc.*, Case No. 2:16-cv-01554-JCC (W.D. Wash.), filed on October 4, 2016 and currently pending in the United States District Court for the Western District of Washington (the "*Rittmann* action").  The operative First Amended Complaint filed in the *Morales* action on November 20, 2016 (the "*Morales* Complaint") and the operative Second Amended Complaint filed in the *Rittmann* action on April 21, 2017 (the "*Rittmann* Complaint") are attached to the Declarations of Marina Gruber ("Gruber Decl.") and Theresa Mak ("Mak Decl."), as Exhibits B and C, respectively.

The *Morales* and *Rittmann* actions cover the essential claims at issue in the instant action; allege virtually identical underlying facts to those alleged here; and seek to represent the same class of persons whom Plaintiffs purport to represent here.  Indeed, at root, the common denominator of all three cases is the claim that independent contractor DPs providing services to Amazon should be deemed employees under California employment laws.  Under these circumstances, application of the first-to-file rule requires that this case be dismissed, stayed or transferred to either the *Morales* court or the *Rittman* court.

In the alternative, four of Plaintiffs' claims should be dismissed because:  (1) there is no private right of action under Labor Code section 226.8 or 2753; (2) Plaintiffs' tort claims for fraud/intentional misrepresentation and trespass/conversion are barred by the New-Right Exclusive Remedy Doctrine; and (3) all four claims fail to state a claim upon which relief can be granted.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:17-cv-02219-RS                    1

DEFENDANTS' FIRST-TO-FILE MOTION
TO DISMISS, STAY, OR TRANSFER;
FRCP 12(b)(6) MOTION

DB1/ 92066168

## II.     STATEMENT OF FACTS[2]

### A.     The Prior-Filed *Morales* Action

On September 27, 2016, Carlos Morales, a former delivery driver for a delivery service provider named Peach, Inc., filed a putative class and collective action against Amazon.com LLC and Peach, Inc. in the Superior Court of the State of California, County of Alameda.  Morales contends that he and other drivers delivering products to Amazon customers in California have been misclassified as independent contractors.

On November 4, 2016, Amazon removed the *Morales* action to the Central District of California.  On November 30, 2016, Morales filed a First Amended Complaint alleging:  (1) & (2) failure to provide meal and rest breaks (Cal. Lab. Code §§ 204, 223, 226.7, 512 and 1198); (3) failure to pay all hourly wages (Cal. Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1197.1 and 1198); (4) failure to provide accurate wage statements (Cal. Lab. Code § 226(a)); (5) failure to timely pay all final wages (Cal. Lab. Code §§ 201-203); (6) unfair business competition (Cal. Bus & Prof. Code §§ 17200, *et seq.*); (7) failure to pay all employees for all hours worked in violation of the FLSA; and (8) civil penalties under California's Private Attorneys General Act ("PAGA").  Gruber Decl., ¶ 5, Exh. B.  On March 13, 2017, the *Morales* action was transferred to the Central District of California via stipulation of the parties.  Gruber Decl., ¶ 5, Exh. B.

As in this case, Morales seeks to represent all DPs who contracted with Amazon to provide delivery services.  Morales also seeks to represent those drivers who worked through a DSP in California since the launch of the Flex program on October 2, 2016.  Gruber Decl., ¶¶ 7-9, Exh. D.

### B.     The Prior-Filed *Rittmann* Action

On October 4, 2016, Plaintiffs Bernadean Rittmann, Freddie Carroll, Julia Wehmeyer, and Raef Lawson ("*Rittmann* plaintiffs") filed a putative class and collective action in United States District Court for the Western District of Washington against Amazon.com, Inc. and Amazon Logistics, Inc.  On December 2, 2016, the *Rittmann* plaintiffs filed a First Amended Complaint,

---

[2] Background facts about the Amazon Flex Program are set forth in the concurrently filed Motion to Compel Arbitration, on in the alternative, Motion to Stay.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:17-cv-02219-RS

2

DEFENDANTS' FIRST-TO-FILE MOTION
TO DISMISS, STAY, OR TRANSFER;
FRCP 12(b)(6) MOTION

DB1/ 92066168

1   which Amazon moved to dismiss.  Mak Decl., ¶ 2 Exh. A.  On March 6, 2017, the court granted,

2   in part, Amazon's motion to dismiss.[3]

3        On March 22, 2017, the court granted Amazon's motion to stay the *Rittmann* action

4   pending the Supreme Court's decision in *Epic Systems Corp. v. Lewis* (U.S. Jan. 13, 2017) (No.

5   16-285) and the Ninth Circuit's decision in *Van Dusen v. Swift Transp. Co.*, No. 17-15102 (9th

6   Cir. Jan. 20, 2017).  Mak Decl., ¶ 4 Exh. B.  The *Rittmann* court held that the Supreme Court's

7   decision in *Epic Systems* will simplify the case because it will determine the size of the putative

8   class, where all but approximately 165 drivers at the time had agreed to individual arbitration as

9   set forth in the Amazon Flex Independent Contractor Terms of Service.  Mak Decl., ¶ 4 Exh. B.

10  The court also noted that, notwithstanding the outcome of *Epic Systems*, the Ninth Circuit's

11  decision in *Van Dusen* will clarify whether DPs have a "contract of employment" under 9 U.S.C.

12  § 1 and are thus included within the Federal Arbitration Act's exemption for transportation

13  workers engaged in interstate commerce.   Mak Decl., ¶ 4 Exh. B.

14       On April 20, 2017, the *Rittmann* plaintiffs filed a Second Amended Complaint alleging:

15  (1) failure to pay minimum wage under the FLSA, the WMWA, and the Seattle Minimum Wage

16  Ordinance; (2) unpaid overtime under the FLSA and the WMWA; (3) willful withholding of

17  wages under Washington state law; (4) failure to reimburse business expenses under California

18  law; and (5) failure to provide itemized wage statements under California law.  Mak Decl., ¶ 5

19  Exh. C.  Like Plaintiffs in the instant action, the *Rittmann* Plaintiffs seek to represent a class of all

20  DPs who contracted directly with Amazon to provide delivery services in California since the

21  launch of the Flex program in California on October 2, 2016.

22       **C.      The Instant Action**

23       Plaintiff Garadis provided delivery services to Amazon out of a warehouse in Los

24  Angeles, and Plaintiff Keller did so out of a warehouse in San Francisco.  Plaintiffs' Complaint,

25  Dkt. #1, Exh. A ¶¶ 11-12.  Almost six (6) months after the filing of *Morales* and *Rittmann*, on

26  March 13, 2017, Plaintiffs filed an unverified putative class action complaint in San Francisco

27

28

---

[3] The court granted dismissal of Plaintiffs' six claims for minimum wage and overtime violations and Plaintiff Lawson's California state law claims for itemized wage statements with leave to amend.  All of these claims were repled in the Second Amended Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:17-cv-02219-RS                          3                    DEFENDANTS' FIRST-TO-FILE MOTION
                                                                       TO DISMISS, STAY, OR TRANSFER;
DB1/ 92066168                                                                  FRCP 12(b)(6) MOTION

1   County Superior Court.  Dkt. #1, Exh. A.  On April 21, 2017, Defendants removed the action to

2   this Court under the Class Action Fairness Act.  Notice of Removal, Dkt. #1.

3          Plaintiffs allege the following twelve claims against Defendants:  (1) failure to pay non-

4   productive work (Cal. Lab. Code §§ 204, 216, 1194, and 1197); (2) failure to pay overtime (Cal.

5   Lab. Code §§ 204, 510, 1108, and 1194); (3) failure to pay minimum wage (Cal. Lab. Code

6   §§ 204, 1194, and 1197); (4) failure to provide meal and rest breaks (Cal. Lab. Code §§ 226.7 and

7   512); (5) failure to timely pay all final wages (Cal. Lab. Code §§ 201, 202, and 203); (6) failure to

8   provide accurate wage statements (Cal. Lab. Code §§ 226 and 1174); (7) failure to reimburse

9   expenses (Cal. Lab. Code §§ 224 and 2802); (8) willful misclassification (Cal. Lab. Code

10  § 226.8); (9) advice regarding misclassification (Cal. Lab. Code § 2753); (10) unfair business

11  competition (Cal. Bus. & Prof. Code § 17200); (11) Fraud/Intentional Misrepresentation; and

12  (12) Trespass/Conversion.  Dkt. #1, Exh. A ¶¶ 90-153.  Like the *Morales* and *Rittmann* plaintiffs,

13  Plaintiffs also seek to represent a class of all DPs who contracted directly with Amazon to

14  provide delivery services in California since the launch of the Flex program in California on

15  October 2, 2016.  *Id.* ¶ 17.  As these claims are either identical or similar to the *Morales* and

16  *Rittmann* actions, dismissal, stay or transfer of this matter is proper.

17  **III.    THIS COURT SHOULD DISMISS, STAY, OR TRANSFER THIS ACTION**
        **UNDER THE "FIRST-TO-FILE" RULE.**
18

19         When cases involving the same parties and issues have been filed in multiple courts,

20  principles of federal comity grant courts the discretion to dismiss, stay, or transfer an action in the

21  interest of efficiency and judicial economy.  *See Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765,

22  769 (9th Cir. 1997).  "'[W]hile no precise rule has evolved, the general principle is to avoid

23  duplicative litigation,' and to promote judicial efficiency."  *Barapind v. Reno*, 225 F.3d 1100,

24  1109 (9th Cir. 2000) (citations omitted).  It is "a generally recognized doctrine of federal comity

25  which permits a district court to decline jurisdiction over an action when a complaint involving

26  the same parties and issues has already been filed in another district."  *Pacesetter Sys, Inc. v.*

27  *Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982).  Where, as here, transfer provides neither

28  party an unfair strategic advantage, the first-filed rule allows a district court to dismiss, stay, or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:17-cv-02219-RS                    4                    DEFENDANTS' FIRST-TO-FILE MOTION
                                                                  TO DISMISS, STAY, OR TRANSFER;
                                                                  FRCP 12(b)(6) MOTION
DB1/ 92066168

1  transfer an action when a similar complaint has been filed in another federal court.  *Pacesetter*,

2  678 F.2d at 97.  The first-to-file rule has been expressly applied in the class action context.  *See,*

3  *e.g., Hilton v. Apple Inc.*, No. C-13-2167, 2013 WL 5487317, at *11 (N.D. Cal. Oct. 1, 2013);

4  *Medlock v. HMS Host USA, Inc.*, No. CV F 10-2167 LJO GSA, 2010 WL 5232990, at *7 (E.D.

5  Cal. Dec. 16, 2010); *Peak v. Green Tree Fin. Serv. Corp*, 2000 WL 973685 at *6 (N.D. Cal.

6  2000) (even though the named plaintiffs were different in two class actions, the issues presented

7  sufficiently duplicated one another to justify dismissing the second-filed case).

8      Courts consider three factors when determining whether to dismiss, stay, or transfer under

9  the first-to-file doctrine:  (1) the chronology of the two actions (*i.e.*, which action was filed first);

10  (2) the similarity of the parties; and (3) the similarity of the issues.  *Pacesetter*, 678 F.2d at 95;

11  *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625-26 (9th Cir. 1991).

12      As discussed below, all three factors are met to dismiss, stay, or transfer the current

13  action. At a minimum, the Court should transfer this case to either:  (1) the Central District of

14  California, to be joined with the first-filed *Morales* action; or (2) the Western District of

15  Washington, to be joined with the first-filed *Rittmann* action.  All three actions involve putative

16  California classes of Amazon DPs who performed deliveries through the Amazon Flex

17  application in California since the October 2, 2016 launch.  All three actions raise the same type

18  of factual allegations and legal theories:  DPs were allegedly misclassified and, as a result, were

19  not adequately compensated or reimbursed for business expenditures.  Accordingly, Amazon

20  requests the Court dismiss, stay, or transfer this matter.

21      **A.      Chronology of Actions:  *Morales* and *Rittmann* were Filed First.**

22      The chronology of actions requirement for the first-to-file rule is met, as the *Morales* and

23  *Rittmann* actions were both filed approximately six months prior to the instant action.

24      **B.      Similarity of Parties:  The Parties are Substantially Similar.**

25      The similarity of parties requirement for the first-to-file rule is met because all three

26  actions assert class claims against Amazon on behalf of DPS who performed delivery services for

27  Amazon in California.  The first-to-file rule only requires that the parties between the earlier and

28  later cases are substantially similar, not identical.  *Hilton*, 2013 WL 5487317 at *7; *PETA, Inc. v.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:17-cv-02219-RS                    5                    DEFENDANTS' FIRST-TO-FILE MOTION
                                                                   TO DISMISS, STAY, OR TRANSFER;
DB1/ 92066168                                                      FRCP 12(b)(6) MOTION

1   *Beyond the Frame, Ltd.*, No. CV 10-07576 MMIM SSX, 2011 WL 686158, at *2 (C.D. Cal. Feb.

2   16, 2011); *Centocor, Inc. v. MedImmune, Inc.*, No. C 02-03252 CRB, 2002 U.S. Dist. LEXIS

3   21109, *11 (N.D. Cal. Oct. 22, 2002) ("Courts generally do not require identical issues or parties

4   so long as the actions involve closely related questions or common subject matter.").

5              **1.      The Putative Classes Include the Same California DPs.**

6         For purposes of the first-to-file rule, "the classes, and not the class representatives, are

7   compared." *Weinstein v. Metlife Inc.*, No. C 06-04444 SI, 2006 WL 3201045, at *4 (N.D. Cal.

8   Nov. 6, 2006); *see also Dist. Council 37 Health & Sec. Plan v. McKesson*, No. Case No. C06-

9   00718 SBA, 2006 U.S. Dist. LEXIS 30584, *2-3 (N.D. Cal. May 11, 2006) (finding the parties

10  substantially similar because although the named plaintiffs in the two cases were different, they

11  were members of classes which were defined similarly in the two actions); *Peak*, 2000 WL

12  973685, at *2 (applying first-to-file rule where "[t]he proposed class in both cases is identically

13  defined").

14        The proposed California classes in *Morales*, *Rittmann* and instant action include the exact

15  same group of people: DPs who provided delivery services to Amazon in California from October

16  2, 2016 onward.

17           **2.      Defendants in all Three Actions are the Same or Substantially Similar.**

18        The *Rittmann* plaintiffs and Plaintiffs here assert claims against the same Defendants,

19  Amazon.com, Inc. and Amazon Logistics, Inc.  The *Morales* action asserts claims against

20  Amazon.com LLC, which is a wholly owned subsidiary of Amazon.com, Inc., one of the

21  defendants in the instant action.  Specifically, Amazon.com LLC's only member is Amazon

22  Corporate LLC, whose only member is Amazon Global Resources LLC, whose only member is

23  Amazon Fulfillment Services, Inc., which is wholly owned by Amazon.com, Inc.  *See* Declaration

24  of Mark Hoffman in support of Defendant's Opposition to Motion to Remand, *Rwomwhijhu v.*

25  *SMX, LLC*, Case 2:16-cv-08105-AB-PJW (C.D. Cal. Jan. 6, 2017) Dkt. # 215 at ¶ 4. The naming

26  of an additional Amazon subsidiary where the classes and liability theories are the same does not

27  change the first-filed analysis.  *See Google Inc. v. Am. Blind & Wallpaper Factory Inc.*, N. C 03-

28  05340, 2004 U.S. Dist. LEXIS 27601 (N.D. Cal. April 8, 2004) (invoking the first-to-file rule

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:17-cv-02219-RS                    6                    DEFENDANTS' FIRST-TO-FILE MOTION
                                                                 TO DISMISS, STAY, OR TRANSFER;
DB1/ 92066168                                                    FRCP 12(b)(6) MOTION

1   where one party was common to both actions and liability was linked to a common issue).

2       For the purposes of the first-to-file rule, the parties in the *Keller, Rittmann,* and *Morales*

3   actions are the same or substantially similar.

4       **C.**    **Similarity Of Issues: The Issues are Substantially Similar.**

5       "The issues need not be precisely identical for the first-to-file rule to apply[;] the rule can

6   apply even if the later-filed action brings additional claims." *Schwartz v. Frito-Lay N. Am.*, No. C

7   12 02740, 2012 WL 8147135, at *2, *3 (N.D. Cal. Sept. 12, 2012). "Exact parallelism between

8   the two actions need not exist; it is enough if the issues in the two actions are 'substantially

9   similar.'" *Walker v. Progressive Cas. Ins. Co.*, No. C03-656R, 2003 WL 21056704, at *2 (W.D.

10   Wash. May 9, 2003); *see also Wheat v. California*, No. C 11-2026 SBA, 2013 WL 450370, at *6

11   (N.D. Cal. Feb 5, 2013) (granting motion to transfer upon finding that the legal issues in both

12   actions were, at their core, substantially similar). Actions are "substantially similar" where the

13   plaintiffs advance different claims in each action, so long as the "key dispute" in each action is

14   the same. *Inherent v. Martindale-Hubbell*, 420 F. Supp. 2d, 1093, 1099 (N.D. Cal. 2006).

15   Further, "slight differences in the claims asserted do not prevent application of the rule where the

16   underlying complained-of conduct is almost identical." *Walker*, 2003 WL 21056704, at *3.

17       **1.**    **The Issues in the *Morales* Action are Substantially Similar to Those in**

18           **The Instant Action.**

19       Both actions allege the same overarching theory of liability for these claims: that the DPs

20   have been misclassified as independent contractors. *See* Mak Decl., ¶ __, Exh. A ¶ 1; Dkt. #1,

21   Exh. A ¶ 1. In addition, the claims and issues in both actions are substantially similar. Both

22   operative complaints assert the same following claims under California law: (1) failure to pay for

23   all hours worked; (2) failure to pay minimum wage; (3) failure to pay overtime; (4) failure to

24   provide accurate wage statements; (5) failure to reimburse business expenses; (6) failure to timely

25   pay final wages; (7) failure to provide meal and rest breaks; and (8) violation of Business and

26   Professions Code section 17200. Moreover, the issue of whether DPs are properly classified as

27   independent contractors is precisely the type of key issue the first-to-file rule covers. *See, e.g.*,

28   *Schwartz*, 2012 WL 8147135, at *2-3 (granting motion to transfer under first-to-file rule);

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:17-cv-02219-RS       7       DEFENDANTS' FIRST-TO-FILE MOTION
TO DISMISS, STAY, OR TRANSFER;
FRCP 12(b)(6) MOTION

DB1/ 92066168

1   *Medlock*, 2010 WL 5232990, at *6 (holding claims were substantially similar where defendant set

2   forth common nucleus allegation and despite additional claims raised in second-filed action).

### 2.       The Issues in the *Rittmann* Action are Substantially Similar to the Instant Action.

5       The claims in the *Rittmann* and *Keller* actions are substantially similar.  Both operative

6   complaints assert class claims for failure to reimburse business expenses, such as gas and car

7   maintenance, and for failure to provide accurate wage statements under California law.

8   Additionally, both actions include claims for minimum wage and overtime violations albeit under

9   California law in *Keller* and the FLSA in *Rittman*.

10      Accordingly, the Court should dismiss or stay this action, or transfer it to the Central

11  District of California or to the Western District of Washington.

### 3.       The Issues in All Three Actions Overlap.

13      For ease of reference, Amazon provides the following table, identifying the overlapping

14  issues raised by each action:

| Issue | *Keller*[4] | *Morales* | *Rittmann* |
|---|---|---|---|
| Failure to pay all hours worked | 1st COA | 7th COA | |
| Failure to pay overtime | 2nd COA | 3rd COA | 2nd Count (FLSA) |
| Failure to pay minimum wage | 3rd COA | 3rd COA | 1st Count (FLSA) |
| Failure to provide meal and rest breaks | 4th COA | 1st & 2nd COA | |
| Failure to pay waiting time penalties | 5th COA | 5th COA | |
| Failure to provide accurate wage statements | 6th COA | 4th COA | 8th Count |
| Failure reimburse business expenses | 7th COA | 6th COA | 7th Count |
| Unfair business competition | 10th COA | 6th COA | |

---

[4] In *Keller,* Plaintiffs assert four additional claims:  (1) Violation of Labor Code section 226.8; (2) Violation of Labor Code section 2753; (3) Fraud/Intentional Misrepresentation; and (4) Trespass/ Conversion.  A discussed above, these additional claims do not avoid the first-to-file rule.  Further, Defendants seek to dismiss these claims pursuant to FRCP 12(b)(6).  *See, infra,* Section IV.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:17-cv-02219-RS                    8          DEFENDANTS' FIRST-TO-FILE MOTION
                                                        TO DISMISS, STAY, OR TRANSFER;
DB1/ 92066168                                                      FRCP 12(b)(6) MOTION

1    The fact that the *Morales* action also alleges a PAGA representative action and a

2    nationwide FLSA collective action that includes California DPs, or that the *Rittmann* action also

3    alleges a nationwide FLSA collective action that includes California DPs further supports

4    application of the first-to-file rule.  *See Fossum v. Northwestern Mutual Life Insurance Company*,

5    No. C 10-2657 SI, 2010 U.S. Dist. LEXIS 99904 (N.D. Cal. Sept. 16, 2010) (transferring

6    California Rule 23 class action under first-to-file rule to district where nationwide FLSA class

7    action was pending).

8    The issues in each action are substantially similar for purposes of the first-to-file rule.

9    Thus, a stay, dismissal, or transfer is proper.

10    **D.    Equity Compels a Stay, Dismissal, or Transfer of the Instant Action.**

11    Compelling equitable considerations favor a stay of this case.  Plaintiffs will neither suffer

12    prejudice nor be denied their day in court because they are putative members of the purported

13    *Morales* and *Rittmann* classes.  *Estrada v. Gomez*, No. 93-16000, 1994 WL 83392, at \*2 (9th Cir.

14    1994) (affirming stay of civil rights claim until after resolution of a pending class action where

15    issues "are similar to the issues raised in the class action."); *Schwartz v. Prudential-Bache Secs.,*

16    *Inc.*, 90-6074, 1991 WL 137157, at \*1 (E.D. Pa 1991) (staying plaintiff's claims because his

17    "potential membership in the Illinois class would make him privy to a settlement which could

18    well be dispositive of at least some if not all of the claims before . . . this court.").  In fact,

19    plaintiff Garadis lives and provided services in the Central District where *Morales* is venued.

20    Dkt. #1, Exh. A ¶ 12.  On the other hand, if the Court does not dismiss or stay this case, Amazon

21    and three courts will be forced to incur the wasteful expense and time demands associated with

22    litigating the same class issues and claims in three separate actions with the possibility of

23    inconsistent rulings.  *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572

24    F. Supp. 1210, 1212-13 (N.D. Ill. 1983).  The policy promoting the elimination of duplicative

25    actions is overwhelmingly applicable here.  *See Barapind*, 225 F.3d at 1109; *Alltrade*, 946 F.2d at

26    625-36.  Accordingly, the Court should dismiss Plaintiffs' Complaint or stay this action.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:17-cv-02219-RS                    9                    DEFENDANTS' FIRST-TO-FILE MOTION
TO DISMISS, STAY, OR TRANSFER;
FRCP 12(b)(6) MOTION

DB1/ 92066168

1    Alternatively, the Court should transfer the instant action to the *Morales* or *Rittmann*

2  courts for efficient administration of the duplicative cases and to eliminate the risk of inconsistent

3  rulings.

4  **IV.    IN THE ALTERNATIVE, THE COURT SHOULD DISMISS PLAINTIFFS'**
       **EIGHTH, NINTH, ELEVENTH, AND TWELFTH CAUSES OF ACTION.**
5

6    If the Court does not dismiss, stay, or transfer this action, it should dismiss Plaintiffs'

7  claims on the following bases: (1) there is no private right of action for violations of Labor Code

8  sections 226.8 and 2753; (2) Plaintiffs' claims for fraud/intentional misrepresentation and

9  conversion/trespass are barred by the new right-exclusive remedy doctrine; and (3) Plaintiffs fail

10  to state a claim under governing pleading standards for fraud/intentional misrepresentation,

11  conversion/trespass, or violations of Labor Code sections 226.8 and 2753.

12    **A.    Federal Pleading Standards Under *Twombly* and *Iqbal*.**

13    A motion to dismiss is proper under Fed. R. Civ. P. 12(b)(6) where the pleadings fail to

14  state a claim upon which relief can be granted.  Under Rule 8(a)(2), "a plaintiff's obligation to

15  provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

16  and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v.*

17  *Twombly*, 550 U.S. 544, 555 (2007).  Pursuant to *Twombly*, a plaintiff must not merely allege

18  conduct that is conceivable, but must instead allege "enough facts to state a claim to relief that is

19  plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual

20  content that allows the court to draw the reasonable inference that the defendant is liable for the

21  misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

22    The purpose of testing a pleading pursuant to *Twombly* and *Iqbal* is to ensure that the

23  plaintiff suffered an injury for which liability is plausible.  "[W]hen the allegations in a

24  complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency

25  should . . . be exposed at the point of minimum expenditure of time and money by the parties and

26  the court.'" *Twombly*, 550 U.S. at 558 (citation omitted).

27    Certain of Plaintiffs' claims fail to meet these standards.  Accordingly, Amazon

28  respectfully requests the Court grant this motion to dismiss.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:17-cv-02219-RS          10          DEFENDANTS' FIRST-TO-FILE MOTION
TO DISMISS, STAY, OR TRANSFER;
FRCP 12(b)(6) MOTION
DB1/ 92066168

**B.** **There is No Private Right of Action for Willful Misclassification.**

Plaintiffs' causes of action for violations of California Labor Code sections 226.8 and 2753 must be dismissed because there is no private right of action under these statutes.

**1.** **There is No Private Right of Action for Violations of Labor Code Section 226.8.**

Labor Code section 226.8 prohibits the willful misclassification of independent contractors.  Section 226.8 provides that "[i]f the Labor and Workforce Development Agency or a court issues a determination that a person or employer has engaged in any of the enumerated violations of subdivision (a), the person or employer shall be subject to a civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation. . . ." *Id.* § 226.8(b).  Plaintiffs claim that "Defendants, and each of them, have violated and continue to violate California Labor Code § 226.8 by willfully misclassifying Plaintiffs as independent contractors." Dkt. #1, Exh. A ¶ 123.  However, Plaintiffs cannot assert a cause of action for violation of section 226.8, as there is no private right of action.  *Noe v. Superior Court*, 237 Cal. App. 4th 316, 338 (2015); *Rosset v. Hunter Eng'g Co.*, No. C 14-01701 LB, 2014 WL 3569332, at *8 (N.D. Cal. July 17, 2014); *Villalpando v. Exel Direct Inc.*, No. 12-CV-04137 JCS, 2014 WL 1338297, at *19 (N.D. Cal. Mar. 28, 2014).

In *Noe*, food vendors for several entertainment venues brought a wage-and-hour class action asserting, among other claims, violation of section 226.8 based on the allegation that defendants improperly and willfully misclassified them as independent contractors.  237 Cal.App.4th at 319.  The court of appeal held that there is no private right of action to enforce violations of Labor Code section 226.8.  *Id.* at 338.  The court noted that section 226.8 "contains no language indicating that the Legislature intended to create a private right of action to enforce or collect the penalties set forth in the statute."  *Id.* at 337.  Further, "the statute includes specific language indicating that the provision is to be enforced by the 'Labor Commissioner.'  This language precludes a direct private right of action."  *Id.* at 339.  Similarly, the court found that Labor Code section 218 does not establish a private right of action to enforce section 226.8.  *Id.* at 338.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:17-cv-02219-RS

11

DEFENDANTS' FIRST-TO-FILE MOTION
TO DISMISS, STAY, OR TRANSFER;
FRCP 12(b)(6) MOTION

DB1/ 92066168

1   Accordingly, Plaintiffs cannot pursue their private action claim in the Eighth Cause of

2   Action for violation of Labor Code section 226.8, and the Eighth Cause of Action should be

3   dismissed without leave to amend.

4   **2.      There is No Private Right of Action for Violations of Labor Code
             Section 2753.**

5

6   Plaintiffs also assert a claim for violation of Labor Code section 2753, which creates joint

7   and several liability for any "person who, for money or other valuable consideration, knowingly

8   advises an employer to treat an individual as an independent contractor to avoid employee status."

9   Cal. Lab. Code § 2753(a).  Section 2753 is the companion statute to Labor Code section 226.8,

10  designed to address consultants who advise employers:  "The legislative reports explain that the

11  addition of section 2753 was necessary because employers frequently relied on the services of

12  '[e]mployment consulting firms' to 'find ways to streamline the business and cut costs.'"  *Noe*,

13  237 Cal. App. 4th at 330 (citation omitted).

14  The text and legislative history of section 2753 make clear that, like section 226.8, there is

15  no private right of action to enforce violations of section 2753.  First, section 2753 does not set

16  forth separate penalties for consultants, but rather makes consultants jointly and severally liable

17  for violations assessed under section 226.8.  *See* 2011 Cal. Legis. Serv. Ch. 706 (S.B. 459) (West)

18  ("The bill would authorize the Labor and Workforce Development Agency [LWDA] to assess

19  specified civil penalties from, and would require the agency to take other specified disciplinary

20  actions against, *persons or* employers violating these prohibitions.") (emphasis added).  Second,

21  as with section 226.8, only the LWDA may assess penalties.  As indicated by the Legislative

22  Counsel Digest, the bill authorizes the LWDA to assess penalties for violations of section 2753.

23  *Id.*  By providing for enforcement by the LWDA, section 2753 precludes a direct private right of

24  action.  *See Noe*, 237 Cal. App. 4th at 339.  Accordingly, the legislature neither expressly

25  included a private right of action nor intended to create a private right of action for violations of

26  section 2753.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:17-cv-02219-RS     12     DEFENDANTS' FIRST-TO-FILE MOTION
TO DISMISS, STAY, OR TRANSFER;
FRCP 12(b)(6) MOTION

DB1/ 92066168

1    Therefore, just like their Section 226.8 claim, Plaintiffs cannot assert a claim for violation

2    of Labor Code section 2753 in their Ninth Cause of Action as there is no private right of action.

3    This claim should also be dismissed without leave to amend.

4    **C.**    **Plaintiffs Fail to State a Claim for Violation of Section 2753 For the**
          **Additional Reason that Amazon Cannot be Held Liable as an Advisor to**
5          **Itself.**

6    Plaintiffs allege that both Amazon defendants were their employer.  Dkt. #1, Exh. A ¶ 84.

7    Plaintiffs also allege that "Defendants, and each of them, have violated and continue to violate

8    California Labor Code § 2753 by advising Defendant Amazon to treat Plaintiffs as independent

9    contractors."  Dkt. #1, Exh. A ¶ 127.  No other defendants are named, such that the only

10   defendants are alleged employers.  However, an employer cannot be liable because the statute

11   expressly does not apply to "a person who provides advice to his or her employer."  See Section

12   2753(b)(1).  Any attempt to impose liability on the employer itself directly contradicts the express

13   terms of the statute, which imposes liability only on any "*person* who, for money or other

14   valuable consideration, knowingly advises an e*mployer* to treat an individual as an independent

15   contractor to avoid employee status."  Cal. Lab. Code § 2753(a).  As previously discussed, the

16   Legislative reports make clear that section 2753 is designed to address third party consulting

17   firms.  *Noe*, 237 Cal. App. 4th at 330.  Section 226.8 already addresses liability for an employer

18   for willful misclassification.

19   Accordingly, Plaintiffs' Ninth Cause of Action for violation of Section 2753 should be

20   dismissed for this additional reason.

21   **D.**    **Plaintiffs' Claims for Fraud/Intentional Misrepresentation and**
          **Trespass/Conversion are Barred.**
22

23   Plaintiffs' Eleventh Cause of Action for "Fraud/Intentional Misrepresentation" and

24   Twelfth Cause of Action for "Trespass/Conversion" are barred by the new right-exclusive remedy

25   doctrine.  Plaintiffs' Twelfth Cause of Action fails for the additional reason that it fails to state a

26   claim for Trespass or Conversion.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 92066168

Case No. 3:17-cv-02219-RS                          13

DEFENDANTS' FIRST-TO-FILE MOTION
TO DISMISS, STAY, OR TRANSFER;
FRCP 12(b)(6) MOTION

1. **Plaintiffs' Claim for Fraud/Intentional Misrepresentation is Barred by the Exclusive Remedy Doctrine.**

Pursuant to the new right-exclusive remedy doctrine, "where a statute creates new rights and obligations not previously existing in the common law, the express statutory remedy is deemed to be the exclusive remedy available for statutory violations, unless it is inadequate." *Brewer v. Premier Golf Prop.*, 168 Cal. App. 4th 1243, 1252 (2008) (citation omitted); *see Jacobs v. Genesco, Inc.*, No. CIV S-08-1666, 2008 U.S. Dist. LEXIS 79882 (E.D. Cal., Sept. 3, 2008); *Thomas v. Home Depot USA, Inc.*, 527 F.Supp.2d 1003 (N.D. Cal. 2007); *Vasquez v. Coast Valley Roofing Inc.*, 2007 WL 1660972 (E.D. Cal., June 6, 2007); *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 618-19 (N.D. Cal. 2007); *Pulido v. Coca-Cola Enterprises, Inc.*, No. EDCV 06-406, 2006 U.S. Dist. LEXIS 43765 (C.D. Cal. May 25, 2006). Plaintiffs impermissibly seek to circumvent the exclusive rights and remedies provided by the Labor Code by re-pleading their wage, pay stub, and overtime claims as a fraud/intentional misrepresentation claim. This claim falls squarely within the new rights stated by the Labor Code. *See* Lab. Code §§ 226, 510, 1174, 1194.

Plaintiffs allege that Amazon falsely "represented to Plaintiffs that Plaintiffs were independent contractors, not entitled to the compensation and reimbursement set forth above . . . ." Dkt. #1, Exh. A ¶ 150. Plaintiffs contend that "[a]s a direct, proximate, and foreseeable result of Amazon's misrepresentations and fraudulent conduct, Plaintiffs suffered . . . unpaid wages, including overtime." Dkt. #1, Exh. A ¶ 152. As such, Plaintiffs' fraud claim is entirely dependent on their claim that they were misclassified as independent contractors, and that they were entitled to unpaid wages, including overtime, under California law. "A plaintiff cannot simply place a common law label on a claim for violating California's labor and employment statutes and attempt to recover punitive damages or other extra-statutory remedies." *Ochoa v. McDonald's Corp.*, 133 F. Supp. 3d 1228, 1241 (N.D. Cal. 2015). In *Ochoa*, the court dismissed the plaintiffs' class action claims for negligence that "duplicate the theories of liability plaintiffs assert under the California Labor Code," finding that California law "bars plaintiffs from utilizing common law claims to seek punitive damages or other relief not provided for in the California

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:17-cv-02219-RS                    14                    DEFENDANTS' FIRST-TO-FILE MOTION
TO DISMISS, STAY, OR TRANSFER;
FRCP 12(b)(6) MOTION

DB1/ 92066168

1    labor and employment statutes." *Id.* It is well-established that the California Labor Code

2    provides the sole and exclusive remedy for Plaintiffs' claims.

3          The employment right to overtime pay and other statutory wages and expense

4    reimbursement did not exist at common law prior to the enactment of California's statutory wage

5    and hour laws. *See Brewer*, 168 Cal. App. 4th at 1253-1254 (noting that various provisions of the

6    Labor Code "established a new and comprehensive set of rights and remedies . . . [and] [n]o such

7    specialized rights and remedies existed at common law."). The California Labor Code contains a

8    comprehensive remedial scheme of rights and remedies exclusively regulating the payment of

9    wages, including overtime. Specifically, the California Labor Code and the California Industrial

10   Welfare Commission's Wage Orders implementing the Labor Code contain detailed,

11   comprehensive provisions identifying when employees are entitled to overtime, when employees

12   must be paid wages, what records employers are required to keep for non-exempt employees, the

13   procedures employees must follow to challenge exempt status before the state agency or the

14   courts, and express limitations on remedies. In particular, Labor Code section 1194 provides that

15   employees may recover in a civil action only unpaid overtime, interest thereon, and reasonable

16   attorneys' fees and costs. These remedies are the exclusive statutory remedies for Plaintiffs'

17   claims.

18         The allegations in Plaintiffs' fraud/intentional misrepresentation claim are

19   indistinguishable from their Labor Code claims, *i.e.*, that Amazon misrepresented or concealed

20   that Plaintiffs were non-exempt employees and were entitled to overtime and expense

21   reimbursement. These allegations fall squarely within, and are fully addressed by, the Labor

22   Code's applicable provisions. *See* Labor Code §§ 510, 1194, 2802. Without conduct separate

23   and distinct from the alleged failure to pay wages and expenses, no basis exists for bringing a

24   claim for fraud as a matter of law. Accordingly, this Court should dismiss Plaintiffs' Eleventh

25   Cause of Action without leave to amend.

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:17-cv-02219-RS          15          DEFENDANTS' FIRST-TO-FILE MOTION
TO DISMISS, STAY, OR TRANSFER;
FRCP 12(b)(6) MOTION

DB1/ 92066168

1
2

**2.    Plaintiffs' Claim for Trespass/Conversion is Barred by the Exclusive Remedy.**

3    Plaintiffs' Twelfth Cause of Action for "Trespass/Conversion" alleges that "Plaintiffs had

4    a possessory interest in the use of the Amazon Flex app for the purpose of viewing their wage

5    records, as well a [*sic*] possessory interest to the records themselves; and a right to make

6    recordings of those records . . . ."  Dkt. #1, Exh. A ¶ 154.  Plaintiffs allege that Amazon "disabled

7    the screenshot function" in the app to prevent them from "having access to permanent records

8    reflecting their pay" and that they were deprived of using the app "for the purpose of viewing

9    their wage records" and of the "possessory interest to the records themselves."  *Id.* ¶ 154-155.

10   Plaintiffs' alleged damages arose "from the inability to maintain wage records."  *Id.* ¶ 161.  As

11   such, the trespass/conversion claim is entirely dependent on the Plaintiffs' alleged right to have

12   access to and receive wage records, a right created by the Labor Code that did not exist at

13   common law.  Plaintiffs attempt to recast their claim for violations of Labor Code sections 226

14   and 1174 (failure to provide accurate wage statements and keep wage records) as a claim for

15   trespass/conversion.  However, Plaintiffs' claim is barred by the new right-exclusive remedy

16   doctrine.  *Brewer*, 168 Cal. App. 4th 1243 (reversing an award of punitive damages for alleged

17   Labor Code violations, including California's wage statement laws, on the grounds that the Labor

18   Code, which did not expressly permit punitive damages, provided the exclusive remedy for such

19   wage and hour violations).

20   As with their fraud claim, Plaintiffs' claim for trespass/conversion is dependent on Labor

21   Code claims.  The right to a cause of action for failure to provide accurate wage statements, to

22   keep payroll records, and to not "prohibit an employee from maintaining a personal record of

23   hours worked" (Labor Code section 1174(d)) and the remedy for any violation, is governed

24   exclusively by the Labor Code, which provides a "detailed remedial scheme for violation of its

25   provisions."  *In Re Wal-Mart Stores, Inc.*, 505 F. Supp. 2d at 618-19 (citation omitted).  Thus,

26   Plaintiffs cannot maintain a claim for trespass/conversion based on these allegations.

27   Numerous California federal and state courts have precluded plaintiffs from transforming

28   their Labor Code claims into conversion claims where, as here, the Labor Code provides the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 92066168

Case No. 3:17-cv-02219-RS                16                DEFENDANTS' FIRST-TO-FILE MOTION
TO DISMISS, STAY, OR TRANSFER;
FRCP 12(b)(6) MOTION

1    exclusive remedy for such claims.  For example, in *In re Wal-Mart Stores, Inc.*, 505 F. Supp. 2d

2    609, former employees brought a putative class action for unpaid wages as well as a conversion

3    claim based on unpaid wages, among other causes of action.  The court dismissed the plaintiffs'

4    claims for conversion, finding that the plaintiffs' proposed "rule would in effect transform every

5    claim for damages and statutory penalties into a conversion claim, thereby providing punitive

6    damages for every breach of a statute that implements a penalty for its breach.  *Id.* at 619.

7        In *Brewer*, 168 Cal. App. 4th 1243, the plaintiff brought an action for unpaid wages, meal

8    and rest break violations, minimum wage penalties, wage statement penalties, and punitive

9    damages against her former employer.  The jury found that the defendant had violated the Labor

10   Code and awarded the plaintiff punitive damages in addition to statutory penalties.  *Id.* at 1247.

11   In reversing the jury's award of punitive damages, the court of appeal held that the "Labor Code

12   statutes regulating pay stubs (§ 226) and minimum wages (§ 1197.1) create new rights and

13   obligations not previously existing in the common law.  Moreover, those same statutes provide

14   express statutory remedies, including penalties for the violation of those statutes that are punitive

15   in nature, that are available when an employer has violated those provisions."  *Id.* at 1252.

16       In *Santiago v. Amdocs, Inc.*, the court, relying on *Brewer*, specifically rejected the notion

17   that a plaintiff could bring a tort cause of action based on violations of the Labor Code.  *Santiago*

18   *v. Amdocs, Inc.*, No. No. C 10-4317 SI, 2011 U.S. Dist. LEXIS 36111, at *4 (N.D.Cal. Apr. 2,

19   2011).  The court cited cases holding "that the rights to overtime wages and wages for meal and

20   rest periods are created by statute, and that the California Legislature has created an extensive

21   remedial scheme to address these disputes, therefore precluding a claim for conversion."  *Id.* at

22   *3.  Similarly, in *Madrigal v. Tommy Bahama Group, Inc.*, the court, relying on *Brewer*,

23   dismissed a tort claim because the Labor Code provides Plaintiffs with exclusive remedies for

24   their wage and hour claims.  *Madrigal v. Tommy Bahama Group, Inc.*, No. CV 09-08924, 2010

25   U.S. Dist. LEXIS 121573, at *7-8 (C.D. Cal. Oct. 18, 2010).

26       Plaintiffs cannot circumvent the exclusive rights and remedies provided by the Labor

27   Code by re-pleading their Labor Code claims as a conversion claim.  Like the plaintiffs in *In re*

28   *Wal-Mart Stores, Inc.*, *Brewer*, *Santiago*, and *Madrigal*, Plaintiffs impermissibly seek to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:17-cv-02219-RS                    17                    DEFENDANTS' FIRST-TO-FILE MOTION
                                                                   TO DISMISS, STAY, OR TRANSFER;
DB1/ 92066168                                                      FRCP 12(b)(6) MOTION

1    transform their alleged Labor Code violations into a common law tort claim.

2         Further, a wage-based conversion claim is not a viable cause of action because conversion

3    can only attach to specifically identifiable property or sum of money.  *Haigler v. Donnelly*, 18

4    Cal. 2d 674, 681 (1941) (noting cause of action for conversion can only attach to specific

5    property or an identifiable sum of money).  Here, Plaintiffs only identify a possessory interest in

6    their wage records.  Dkt. #1, Exh. A ¶ 154.  However, courts have consistently rejected such

7    claims: "Money and checks cannot 'be the subject of a cause of action for conversion unless

8    there is a specific, identifiable sum involved.'"  *Alvarenga v. Carlson Wagonlit Travel, Inc.*, No.

9    115CV01560AWIBAM, 2016 WL 466132, at *4 (E.D. Cal. Feb. 8, 2016); *see Hadjavi v. CVS

10   Pharmacy, Inc.*, 2010 WL 7695383, at *3 (C.D. Cal. Sept. 22, 2010).  Plaintiffs fail to identify

11   any such sums in support of their claim for conversion.

12        Consequently, Plaintiffs cannot state a claim for trespass/conversion.

13            **3.      Plaintiffs' Cause of Action for Fraud/Intentional Misrepresentation
                        Does Not Satisfy the Heightened Pleading Standard Applicable to Such
14                      Claims.**

15        A fraud claim is subject to a heightened pleading standard:  "In alleging fraud or mistake,

16   a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R.

17   Civ. P. 9(b).  Rule 9(b) demands that "averments of fraud . . . be accompanied by the who, what,

18   when, where and how of the misconduct charged."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d

19   1097 (9th Cir. 2003).  The pleading must "be specific enough to give defendants notice of the

20   particular misconduct . . . so that they can defend against the charge and not just deny that they

21   have done anything wrong."  *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010)

22   (quoting *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)).  A plaintiff may not

23   "lump multiple defendants together" but rather must "differentiate their allegations."  *Destfino v.

24   Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (quoting *Cisneros v. Instant Capital Funding Grp.,

25   Inc.*, 263 F.R.D. 595, 606-07 (E.D. Cal. 2009)).  A plaintiff's failure to follow these guidelines

26   provides the basis for a Rule 12(b)(6) motion to dismiss.  CAL. PRAC. GUIDE FED. CIV. PRO.

27   BEFORE TRIAL CH. 9-D ¶ 9:196b (Rutter Group 2011).

28        Plaintiffs contend that "Amazon represented to Plaintiffs that they, alone, were

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:17-cv-02219-RS          18          DEFENDANTS' FIRST-TO-FILE MOTION
TO DISMISS, STAY, OR TRANSFER;
FRCP 12(b)(6) MOTION

DB1/ 92066168

1   responsible for the performance of his [*sic*] work and that he, [*sic*] alone determined the method,

2   details, and means of performing his [*sic*] work.  These representations were, in fact, false . . .

3   Amazon also represented to Plaintiffs that Plaintiffs were independent contractors not entitled to

4   the compensation and reimbursement set forth above, which was, in fact, also false."  Dkt. #1,

5   Exh. A ¶¶ 149-150.  Plaintiffs attempt to satisfy the "who, what, when, where, how" standard by

6   alleging that Amazon's terms of service identified Plaintiffs as independent contractors and that

7   the Amazon Flex website contained a mantra of "[b]e your own boss."  *Id.* at ¶¶ 54, 57.

8   However, such allegations do not satisfy Rule 9(b)'s heightened pleading requirements where

9   Plaintiffs do not allege when they viewed or relied on such statements in Amazon's terms of

10   service or website, or if they even read the alleged misrepresentations.

11      In *Boris v. Wal-Mart Stores, Inc.*, 35 F. Supp. 3d 1163, 1174 (C.D. Cal. 2014), *aff'd*, 649

12   F. App'x 424 (9th Cir. 2016), the court dismissed the plaintiff's fraud-based claims under Rule

13   9(b), where the plaintiff failed to allege when he viewed the defendant's website or when he

14   relied on the website.  Here, similarly, Plaintiffs fail to allege whether and when they viewed the

15   terms of service and whether they relied upon it.

16      In *Opperman v. Path, Inc.*, 87 F. Supp. 3d 1018, 1046 (N.D. Cal. 2014), the court

17   dismissed allegations of fraud based on website statements, which failed to "connect any specific

18   Plaintiff to any specific representation."  The court noted that the complaint alleged only that the

19   plaintiff had "'visited [defendant's] website,' not that she read the particular representations she

20   alleged were misleading."  *Id.* at 1046.  Here, similarly, Plaintiffs allege that Amazon "made the

21   misrepresentations," but do not assert that they read the misrepresentations.

22      Neither do Plaintiffs allege how they were harmed by the alleged misrepresentations,

23   other than asserting vague "economic harm" caused by entering into an "employment relationship

24   with Amazon according to the terms established by Amazon."  Dkt. #1, Exh. A ¶ 151.  This

25   threadbare allegation fails to establish the requisite causal connection necessary to sustain a claim

26   for fraud.  *See Semore v. Pool*, 217 Cal. App. 3d 1087, 1102-3 (1990) (finding general statements

27   in employee handbook as alleged in complaint, even if false, "do not show either an intent to

28   defraud, reliance or damages, and there appears to be no possibility that the complaint can be

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:17-cv-02219-RS                    19          DEFENDANTS' FIRST-TO-FILE MOTION
                                                         TO DISMISS, STAY, OR TRANSFER;
                                                         FRCP 12(b)(6) MOTION
DB1/ 92066168

1   amended to state a cause of action on these grounds").

2        Accordingly, Plaintiffs' claim for fraud/intentional misrepresentation should be dismissed

3   because Plaintiffs do not satisfy Rule 9(b)'s heightened pleading standard.

4            **4.     Plaintiffs Fail to State a Claim for Trespass/Conversion for Additional
                      Reasons.**
5

6        Plaintiffs allege that "Defendants intentionally disabled the screenshot function in the

7   Amazon Flex application for the purpose of preventing delivery workers from having access to

8   permanent records reflecting their pay . . . ." Dkt. #1, Exh. A ¶ 155. Even assuming the veracity

9   of this allegation, Plaintiffs do not sufficiently plead a claim for conversion or trespass.

10       "An action for conversion properly lies only where there is some substantial interference

11  with possession. . . . Where the act does not amount to a dispossession, but consists of use of or

12  damage to the property, the normal action will be for trespass, in which the plaintiff recovers only

13  the actual damages suffered by impairment of the property or loss of its use." 5 Bernard E.

14  Witkin, *Summary of California Law* § 699 (10th ed. 2005). Here, Plaintiffs do not allege that

15  they were dispossessed of their phones, they only allege that they were disposed of one use of the

16  Amazon Flex app, "for the purpose of viewing their wage records . . . ." This is not a "substantial

17  interference with possession" of their phones. Accordingly, Plaintiffs' allegations do not state a

18  claim for conversion.

19       In *Hernandez v. Path, Inc.*, the plaintiff brought claims on behalf of a class against

20  application developer, Path, for obtaining plaintiff's address book through its application.

21  *Hernandez v. Path, Inc.*, No. 12-CV-01515 YGR, 2012 WL 5194120, at *1 (N.D. Cal. Oct. 19,

22  2012). The court dismissed the plaintiff's trespass and conversion claims. *Id.* at *7. The court

23  found that the plaintiff did not sufficiently allege wrongful dispossession to support conversion

24  where, as here, the plaintiff was not dispossessed or excluded from the use of his property. *Id.*

25       As with their conversion claim, Plaintiffs also fail to state a claim for trespass. Generally,

26  courts analyzing claims factually based on the installation of a mobile application have done so

27  under the framework of the Computer Fraud and Abuse Act ("CFAA"). Where an application is

28  voluntarily downloaded, plaintiffs "have serious difficulty pleading a CFAA violation. *In re*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:17-cv-02219-RS          20          DEFENDANTS' FIRST-TO-FILE MOTION
                                               TO DISMISS, STAY, OR TRANSFER;
                                               FRCP 12(b)(6) MOTION

DB1/ 92066168

*iPhone Application Litig.*, No. 11-MD-02250-LHK, 2011 WL 4403963, at *11 (N.D. Cal. Sept. 20, 2011).  Notably, such reasoning has been extended to trespass claims involving mobile applications.  In *In re Apple & ATTM Antitrust Litig.*, No. C 07-05152 JW, 2010 U.S. Dist. LEXIS 98270, at *26 (N.D. Cal. July 8, 2010), the court held that "[v]oluntary installation [of an application on a phone] runs counter to the notion that the alleged act was a trespass" as it runs counter to the characterization of the act in question as "without authorization" or "without permission."  Likewise, here, Plaintiffs voluntarily downloaded the Amazon Flex application.  Dkt. #1, Exh. A ¶ 2.  Plaintiffs' voluntary actions thus run counter to the notion that certain of the Amazon Flex application's features created a trespass.

Further, a claim for trespass can only be maintained where the alleged action has proximately caused injury.  "While a harmless use or touching of personal property may be a technical trespass, an interference (not amounting to dispossession) is not actionable, under modern California and broader American law, without a showing of harm."  *In re iPhone Application Litig.*, 2011 WL 4403963, at *13 (citing to Rest.2d Torts, § 217); *see also Path,* 2012 WL 5194120, at *7 ("More problematic is that Plaintiff has not alleged that the functioning of his mobile device was significantly impaired to the degree that would enable him to plead the elements of a trespass as alleged in the FAC. Any depletion of his mobile device's finite resources is a *de minimis* injury.").  In *In re iPhone Application Litigation*, the plaintiffs claimed that defendants illegally used and distributed their personal information by collecting such information through applications installed on their phones.  2011 WL 4403963, at *1.  The plaintiffs alleged that, as a result of this trespass, their devices were less secure.  *Id.* at *4.  In dismissing the plaintiffs' claim for trespass, the court found that "[p]laintiffs have not connected that trespass to an identifiable harm or injury"  *Id.* at *14.

Similarly, in *In re Google Android Consumer Privacy Litig.*, No. 11-MD-02264 JSW, 2013 WL 1283236, at *14 (N.D. Cal. Mar. 26, 2013), the court dismissed the plaintiffs' trespass claim for failure to allege an identifiable injury.  The plaintiffs contended that Google had installed unwanted code on their phones and tracked geolocation, thus reducing battery life.  *Id.* at *13.  In dismissing the plaintiffs' claim, the court noted that "plaintiffs do not plausibly establish

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:17-cv-02219-RS                    21                    DEFENDANTS' FIRST-TO-FILE MOTION
TO DISMISS, STAY, OR TRANSFER;
FRCP 12(b)(6) MOTION

DB1/ 92066168

1   a significant reduction in service with the intended functioning of the system, which is necessary

2   to establish a cause of action for trespass." *Id.*

3        Assuming *arguendo* that the alleged interference with the screenshot function of their

4   phones amounted to trespass, Plaintiffs do not connect this interference to any identifiable injury.

5   Plaintiffs contend that "Defendants' conduct dispossessed Plaintiffs of the Amazon Flex app

6   insofar as it was used for the purpose of viewing their wage records, and dispossessed Plaintiff of

7   the possessory interest to the records themselves."  Dkt. #1, Exh. A ¶ 158.  This is not an

8   identifiable injury.[5]  Plaintiffs' lack of injury is especially evident where Plaintiffs seek

9   "restitution, disgorgement, [and] injunctive relief" as damages for trespass. Dkt. #1, Exh. A

10  ¶ 162.  Plaintiffs fail to identify what money or other tangible benefit Amazon received that

11  would entitle Plaintiffs to restitution or disgorgement.  Similarly, Plaintiffs fail to identify the

12  irreparable injury that would occur, absent injunctive relief.  *See Steffel v. Thompson*, 415 U.S.

13  452, 462 (1974).  For all these reasons, Amazon thus respectfully requests the Court dismiss

14  Plaintiffs' claim for trespass/conversion without leave to amend.

15  **V.**   **CONCLUSION**

16       In the event that the Court denies Defendants' concurrently filed Motion to Compel

17  Arbitration/Motion to Stay, the Court should dismiss or stay the current action pursuant to the

18  first-to-file rule or, in the alternative, transfer this case to either the Central District of California

19  to be related with the *Morales* action or the Western District of Washington for related treatment

20  with the *Rittmann* action.  First, the parties are substantially the same in the three cases.  Second,

21  the plaintiffs in the first-filed *Morales* and *Rittmann* actions assert the same primary factual

22  allegations and legal theories that Plaintiffs assert here:  Amazon allegedly misclassified them and

23  other California DPs as independent contractors and, as a result, failed to comply with various

24  California Labor Code requirements.  Third, the *Morales* and the *Rittmann* plaintiffs seek to

25  represent putative classes of California DPs that completely cover the putative class identified in

26

27

28

---

[5] Even if it was, this theory of injury demonstrates that the claim is barred by the exclusive remedy doctrine.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:17-cv-02219-RS

22

DEFENDANTS' FIRST-TO-FILE MOTION
TO DISMISS, STAY, OR TRANSFER;
FRCP 12(b)(6) MOTION

DB1/ 92066168

1   the present action.  Amazon therefore respectfully requests that this Court dismiss, stay, or

2   transfer this matter.

3           Alternatively, Amazon respectfully requests that the Court dismiss Plaintiffs' Eighth,

4   Ninth, Eleventh and Twelfth Causes of Action without leave to amend for the reasons set forth

5   above.

6   Dated:  May 11, 2017                        Respectfully submitted,

7                                               MORGAN, LEWIS & BOCKIUS LLP

8

9                                       By  _____/s/ Theresa Mak_____

10                                          John S. Battenfeld
                                            Christopher J. Banks
11                                          Theresa Mak
                                            Attorneys for Defendants
12                                          AMAZON.COM, INC. and AMAZON
                                            LOGISTICS, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:17-cv-02219-RS                    23           DEFENDANTS' FIRST-TO-FILE MOTION
                                                          TO DISMISS, STAY, OR TRANSFER;
                                                          FRCP 12(b)(6) MOTION

DB1/ 92066168