MORGAN, LEWIS & BOCKIUS LLP
John S. Battenfeld, Bar No. 119513
300 S. Grand Ave., 22nd Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.1018
Fax: +1.213.612.2501
john.battenfeld@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Christopher J. Banks, Bar No. 218779
Theresa Mak, Bar No. 211435
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: +1.415.442.1354
Fax: +1.415.442.1001
christopher.banks@morganlewis.com
theresa.mak@morganlewis.com

Attorneys for Defendants
AMAZON.COM, INC. and AMAZON
LOGISTICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

| | |
|---|---|
| KIMBERLEE KELLER and TOMMY GARADIS, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>AMAZON.COM, INC; AMAZON LOGISTICS, INC.; and DOES 1 through 100, inclusive,<br><br>                    Defendants. | Case No. 17-cv-02219 RS<br><br>**DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION, OR IN THE ALTERNATIVE, MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:          June 22, 2017<br>Time:         1:30 p.m.<br>Dept.:        Courtroom 3, Third Floor<br><br><br>JUDGE:    Hon. Richard G. Seeborg |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS' MOTION TO COMPEL
INDIVIDUAL ARBITRATION, OR IN THE
ALTERNATIVE, MOTION TO STAY

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on June 22, 2017 at 1:30 p.m. (or as soon thereafter as the matter may be heard in Courtroom 3, 3rd Floor, of the above-entitled Court), Defendants Amazon.com, Inc. and Amazon Logistics, Inc. (together, "Defendants" and "Amazon") will move the Court for an order dismissing and compelling to individual arbitration all claims of Plaintiffs Kimberlee Keller and Tommy Garadis (together, "Plaintiffs") pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.* or, in the alternative, for an order staying this action in its entirety pursuant to the Court's inherent case management power and Fed. R. Civ. P. 16(c)(2) pending the United States Supreme Court's review of the Ninth Circuit's decision in *Morris v. Ernst & Young, LLP*, 834 F.3d 975 (9th Cir. 2016), *cert. granted* (U.S. Jan. 13, 2017).

The foregoing motion is based on this notice of motion, the accompanying memorandum of points and authorities, the declarations of Piyush Lumba and Peter Nickerson filed concurrently herewith and all exhibits attached thereto, all pleadings and motions on file in this action, and on such further written or oral argument as may be permitted by this Court.

### STATEMENT OF RELIEF SOUGHT

Defendants respectfully request that this Court grant their motion to dismiss and to compel individual arbitration of all of Plaintiffs' claims or, in the alternative, to stay all proceedings in this case until the Supreme Court issues its decision in *Morris* and the related cases *Epic Systems Corp. v. Lewis* (U.S. Jan. 13, 2017) (No. 16-285) and *NLRB v. Murphy Oil USA, Inc.* (U.S. Jan. 13, 2017) (No. 16-307).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 17-cv-02219 RS

1

DEFENDANTS' MOTION TO COMPEL
INDIVIDUAL ARBITRATION, OR IN THE
ALTERNATIVE, MOTION TO STAY

# TABLE OF CONTENTS

Page

I.    INTRODUCTION AND REQUESTED RELIEF .................................................................. 2

II.   STATEMENT OF ALLEGED FACTS ............................................................................ 5

      A.    FACTUAL BACKGROUND ............................................................................ 5

            1.    The Amazon Flex Program ................................................................. 5

            2.    Amazon Flex Independent Contractor Terms of Service ............................ 5

      B.    PROCEDURAL BACKGROUND ...................................................................... 7

III.  ARGUMENT ......................................................................................................... 7

      A.    THE COURT SHOULD COMPEL PLAINTIFFS' CLAIMS TO
            ARBITRATION ........................................................................................... 7

            1.    The FAA requires Federal Courts to Compel Arbitration. ....................... 7

            2.    A Valid and Binding Arbitration Agreement Exists. ............................... 8

            3.    Plaintiffs' Claims Fall Within the Arbitration Agreement. ..................... 12

            4.    Plaintiffs' Mistaken Arguments Against Enforceability. ........................ 13

                  a.    Plaintiffs' NLRA Arguments Fail. ........................................... 13

                  b.    The Transportation Worker Exemption Does Not Apply to
                        Plaintiffs. ........................................................................ 14

      B.    ALTERNATIVELY, THE COURT SHOULD STAY THIS ACTION .............. 16

            1.    Legal Standard ............................................................................. 17

            2.    The Orderly Course of Justice Will Be Furthered By Staying This
                  Class Action Pending The Supreme Court's Decision and the Ninth
                  Circuit's Decision in *Swift*. ......................................................... 18

                  a.    The Supreme Court's Decision Could Substantially Narrow
                        the Issues, Proof and Questions of Law in This Lawsuit. ............. 18

                  b.    The Ninth Circuit's Decision in *Swift* Could Substantially
                        Narrow the Issues, Proof and Questions of Law in This
                        Lawsuit. .......................................................................... 20

            3.    If the Court does not Compel Arbitration, Denying the Stay Will
                  Result in Hardship and Inequity for Defendants. ................................. 22

            4.    A Temporary Stay Will Not Cause Any "Damage" to Plaintiffs. ............. 23

IV.   CONCLUSION ..................................................................................................... 24

Case No. 17-cv-02219 RS

i

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS' MOTION TO COMPEL
INDIVIDUAL ARBITRATION, OR IN THE
ALTERNATIVE, MOTION TO STAY

**Cases**

*Adler v. Fred Lind Manor*,
  103 P.3d 773 (Wash. 2004)........................................................................................11

*Alvarado v. Pac. Motor Trucking Co.*,
  No. EDCV 14-0504-DOC, 2014 WL 3888184 (C.D. Cal. Aug. 7, 2014)..............................15

*Am. Exp. Co. v. Italian Colors Rest.*,
  133 S. Ct. 2304 (2013) ................................................................................................7

*AT&T Mobility LLC v. Concepcion*,
  563 U.S. 333 (2011) .................................................................................1, 18, 20, 23

*Bassett v. Elec. Arts, Inc.*,
  93 F. Supp. 3d 95 (E.D.N.Y. 2015) ..............................................................................9

*Bekele v. Lyft, Inc.*,
  199 F. Supp. 3d 284 (D. Mass. 2016) ...........................................................................9

*Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*,
  493 U.S. 67 (1989) .....................................................................................................13

*Brown v. TrueBlue, Inc.*,
  No. 1:10-CV-00514, 2012 WL 1268644 (M.D. Pa. April 16, 2012)..............................13

*Bruster v. Uber Techs. Inc.*,
  188 F. Supp. 3d 658, 664 (N.D. Ohio 2016), *reconsideration denied*, 2016 WL
  4086786 (N.D. Ohio Aug. 2, 2016) ..............................................................................10

*Centeno v. Inslee*,
  310 F.R.D. 483 (W.D. Wash. 2015) ............................................................................21

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
  207 F.3d 1126 (9th Cir. 2000)......................................................................................7

*Cilluffo v. Central Refrigerated Services*,
  2012 WL 852307 (C.D. Cal., Sept. 24, 2012).............................................................14

*Circuit City Stores, Inc. v. Adams*,
  532 U.S. 105 (2001) ....................................................................................................14

*CMAX, Inc. v. Hall*,
  300 F.2d 265 (9th Cir. 1962)........................................................................................17

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 17-cv-02219 RS

DEFENDANTS' MOTION TO COMPEL
INDIVIDUAL ARBITRATION, OR IN THE
ALTERNATIVE, MOTION TO STAY

DB1/ 92064394

*Cobarruviaz v. Maplebear, Inc.*,
   143 F. Supp. 3d 930 (N.D. Cal. 2015) ...........................................................7, 10, 12

*Comedy Club, Inc. v. Improv West Assocs.*,
   553 F.3d 1277 (9th Cir. 2009)...................................................................................12

*Cox v. Ocean View Hotel Corp.*,
   533 F.3d 1114 (9th Cir. 2008).....................................................................................7

*Davis v. O'Melveny & Myers*,
   485 F.3d 1066 (9th Cir. 2007).....................................................................................8

*Dean Witter Reynolds, Inc. v. Byrd*,
   470 U.S. 213 (1985) .....................................................................................................6

*Doe 1 v. Swift Transp. Co.*,
   No. 10-00-899, 2017 WL 758279 (D. Ariz. Feb. 24, 2017) ....................................22

*Doe 1 v. Swift Transp. Co.*,
   No. 10-00899, 2017 WL 67521 (D. Ariz. Jan. 6, 2017) .............................21, 22, 24

*Doe v. Project Fair Bid Inc.*,
   No. C11-809 MJP, 2011 WL 3516073 (W.D. Wash. Aug. 11, 2011) .......................9

*Doe v. Swift Transp. Company*,
   No. 17-15102 ................................................................................................ *passim*

*Ekin v. Amazon Servs., LLC*,
   84 F. Supp. 3d 1172 (W.D. Wash. 2014).....................................................................9

*Epic Systems Corp. v. Lewis*,
   No. 16-285 ..................................................................................................... *passim*

*Ernst & Young LLP v. Morris*
   No. 16-300 ..................................................................................................... *passim*

*Ferguson v. Corinthian Colleges, Inc.*,
   733 F.3d 928 (9th Cir. 2013).......................................................................................8

*Gorden v. Lloyd Ward & Assocs., P.C.*,
   323 P.3d 1074 (Wash. Ct. App. 2014) ........................................................................8

*Green Tree Fin. Corp. v. Bazzle*,
   539 U.S. 444 (2003)......................................................................................................7

*Gustavson v. Mars, Inc.*,
   No. 13-04537, 2014 WL 6986421 (N.D. Cal. Dec. 10, 2014).................................17

*Harden v. Roadway Package Sys., Inc.*,
   249 F.3d 1137 (9th Cir. 2001)...................................................................................14

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 17-cv-02219 RS

iii

DEFENDANTS' MOTION TO COMPEL
INDIVIDUAL ARBITRATION, OR IN THE
ALTERNATIVE, MOTION TO STAY

DB1/ 92064394

*Johnmohammadi v. Bloomingdale's, Inc.*,
    755 F.3d 1072 (9th Cir. 2014) ................................................................10, 14, 21

*Kilgore v. Keybank Nat'l Assoc.*,
    718 F.3d 1052 (9th Cir. 2013) ...........................................................................13

*Kwan v. Clearwire Corp.*,
    No. 09-1392, 2011 WL 1213176 (W.D. Wash. Mar. 29, 2011) .................19, 20, 23

*Lennartson v. Papa Murphy's Holdings, Inc.*,
    No. 15-5307, 2016 WL 51747 (W.D. Wash. Jan. 5, 2016) ...............................19, 20

*Levin v. Caviar, Inc.*,
    146 F. Supp. 3d 1146 (N.D. Cal. 2015) .............................................................16

*Lewis v. Epic Systems Corp.*,
    823 F.3d 1147 (7th Cir. 2016) ............................................................................2

*Loewen v. Lyft, Inc.*,
    129 F. Supp. 3d 945 (N.D. Cal. 2015) .............................................................9, 10

*Lopez v. Am. Express Bank, FSB*,
    No 09-07335, 2010 WL 3637755 (C.D. Cal. Sept. 17, 2010) .............................18

*Lowden v. T-Mobile USA, Inc.*,
    512 F.3d 1213 (9th Cir. 2008) .............................................................................8

*Mackall v. Healthsource Global Staffing, Inc.*,
    No. 16-3810 (N.D. Cal. Jan. 18, 2017) .............................................................18

*Mateo v. V.F. Corp.*,
    No. 08-05313, 2009 WL 3561539 (N.D. Cal. Oct. 27, 2009) ............................18

*Matera v. Google Inc.*,
    No. 15-04062, 2016 WL 454130 (N.D. Cal. Feb. 5, 2016) .........................17, 18, 20

*McElrath v. Uber Tech., Inc.*,
    No. 3:16-cv-07241 ......................................................................................18, 21

*McIalwain v. Green Tree Servicing, LLC*,
    No. 13-6096, 2014 WL 12526281 (W.D. Wash. Feb. 5, 2014) .................17, 21, 23

*McManus v. CIBC World Mkts. Corp.*,
    134 Cal. Rptr. 2d 446 (2003) .............................................................................7

*Mohamed v. Uber Techs., Inc.*,
    848 F.3d 1201 (9th Cir. 2016) .........................................................................9, 10

*Morris v. Ernst & Young LLP*,
    834 F.3d 975 (9th Cir. 2016) ..........................................................................2, 13

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 92064394

Case No. 17-cv-02219 RS

iv

DEFENDANTS' MOTION TO COMPEL
INDIVIDUAL ARBITRATION, OR IN THE
ALTERNATIVE, MOTION TO STAY

*Murphy Oil USA, Inc. v. N.L.R.B.*,
    808 F.3d 1013 (5th Cir. 2015)................................................................2

*Nelson v. McGoldrick*,
    896 P.2d 1258 (1995)......................................................................11

*NLRB v. Murphy Oil USA, Inc.*,
    No. 16-307 ..............................................................................*passim*

*O'Connor v. Uber Techs., Inc.*,
    No. 16-15595 (9th Cir.)....................................................................21

*Owner-Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co.*,
    288 F. Supp. 2d 1033 (D. Ariz. 2003)................................................16

*Palcko v. Airborne Express, Inc.*,
    372 F.3d 588 (3d Cir. 2004)..............................................................8

*Performance Team Freight Systems, Inc. v. Aleman et al.*,
    194 Cal. Rptr. 3d 530 (Cal. Ct. App. 2015) ......................................15

*Perry v. Thomas*,
    482 U.S. 483 (1987).....................................................................7, 13

*Peters v. Amazon Servs., LLC*,
    2 F.Supp. 3d 1165 (W.D. Wash. 2013)...............................................9

*Preston v. Ferrer*,
    552 U.S. 346 (2008)..........................................................................7

*Richards v. Ernst & Young, LLP*,
    No. C-08-04988 RMW, 2012 WL 92738 (N.D. Cal. Jan. 11, 2012).......................23

*Rittmann, et al. v. Amazon.com, Inc. and Amazon Logistics, Inc.*,
    No. 16-01554 (W.D. Wash.) ..........................................................*passim*

*Rogers v. Royal Caribbean Cruise Line*,
    547 F.3d 1148 (9th Cir. 2008)..........................................................14

*Roman v. Northrop Grumman Corp.*,
    No. 16-cv-6848, 2016 U.S. Dist. LEXIS 173022 (C.D. Cal. Dec. 14, 2016) .........................19

*Schroeder v. Fageol Motors, Inc.*,
    544 P.2d 20 (1975)...........................................................................11

*Simula, Inc. v. Autoliv, Inc.*
    175 F.3d 716 (9th Cir. 1999)...........................................................12

*Steiner v. Apple Computer, Inc.*,
    No. 07-04486, 2008 WL 1925197 (N.D. Cal. Apr. 29, 2008) ...............................23

*Stoican v. Cellco P'ship*,
No. 10-1017, 2010 WL 5769125 (W.D. Wash. Dec. 10, 2010) ........................................20, 24

*Stolt-Nielsen, S.A. v. AnimalFeeds, Int'l Corp.*,
130 S. Ct. 1758 (2010) ........................................................................................................23

*Tompkins v. 23andMe, Inc.*,
840 F.3d 1016 (9th Cir. 2016) ...............................................................................................8

*Vargas v. Delivery Outsourcing, LLC*,
No. 15-CV-03408-JST, 2016 WL 946112 (N.D. Cal. Mar. 14, 2016) ...................................16

*Varon v. Uber Techs., Inc.*,
No. CV MJG-15-3650, 2016 WL 1752835 (D. Md. May 3, 2016),
*reconsideration denied*, No. 15-cv-2653, 2016 WL 3917213 (D. Md. July 20,
2016) ....................................................................................................................................10

*Veliz v. Cintas Corp.*, No. C 03-1180,
2004 WL 2452851 (N.D. Cal. Apr. 5, 2004) .........................................................................14

*Villalpando v. Transguard Ins. Co. of Am.*,
17 F. Supp. 3d 969, 982 (N.D. Cal. 2014) ............................................................................15

*Zuver v. Airtouch Commc'ns, Inc.*,
103 P.3d 753 (Wash. 2004)...............................................................................................8, 11

**Statutes**

9 U.S.C. § 1 ..............................................................................................................................14

9 U.S.C. § 2 ................................................................................................................................7

9 U.S.C. § 4 ................................................................................................................................7

29 U.S.C. § 152(3) ...................................................................................................................13

**Rules**

Fed. R. Civ. P. 23(b)(3)..............................................................................................................18

**Other Authorities**

R-42, *available at*
https://www.adr.org/aaa/ShowProperty?nodeId=/UCM/ADRSTG_004103&re
vision=latestreleased (last accessed May 11, 2017)................................................................11

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 17-cv-02219 RS

DEFENDANTS' MOTION TO COMPEL
INDIVIDUAL ARBITRATION, OR IN THE
ALTERNATIVE, MOTION TO STAY

DB1/ 92064394

## I. INTRODUCTION AND REQUESTED RELIEF

Plaintiffs contract with Amazon to do what third-party delivery services such as FedEx, UPS, and the United States Postal Service have done for Amazon for many years: they pick up packages from Amazon facilities and make deliveries on the "last mile" to the homes and businesses of Amazon's customers. No one suggests that the drivers delivering through those third-party vendors are Amazon employees. Nonetheless, and despite performing precisely the same service, Plaintiffs allege that Amazon misclassified them as independent contractors. Dkt. 1, Ex. A, Complaint ¶ 1 ("Compl."). That allegation cannot be reconciled with the fact that the Delivery Providers ("DPs") who make up the putative class decide whether and how often to work, when and where they want to work, how they want to work, what they want to drive or pedal, and what they take to make deliveries. Some choose to work sparingly; others find the work sufficiently lucrative and enjoyable that they make the business decision to sign up for delivery blocks more frequently. Despite this freedom, flexibility, and control, Plaintiffs allege that they and other California DPs have been misclassified by Defendants ("Amazon") as independent contractors in violation of California wage and hour law.

By filing this putative class action in court, Plaintiffs have breached their valid and enforceable agreements to arbitrate, which is contained in the Independent Contractor Terms of Service ("TOS") to which they both agreed. Plaintiffs' claims fall squarely within the scope of that agreement.

The United States Supreme Court has directed that the Federal Arbitration Act ("FAA") reflects "a liberal federal policy favoring arbitration" and requires courts to enforce arbitration agreements **according to their terms**, so that the parties may seek to "achieve streamlined proceedings and expeditious results." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 346 (2011). Here, the TOS is governed by the FAA, and requires Plaintiffs to pursue their claims through individual arbitration unless they have elected to opt out. Neither Plaintiff has opted out of arbitration, rendering their claims subject to binding, individual arbitration.

///

///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 92064394

Case No. 17-cv-02219 RS

2

DEFENDANTS' MOTION TO COMPEL
INDIVIDUAL ARBITRATION, OR IN THE
ALTERNATIVE, MOTION TO STAY

If the Court does not compel Plaintiffs' claims to arbitration, this case should be stayed pending the U.S. Supreme Court's decision in *Epic Systems Corp. v. Lewis* (U.S. Jan. 13, 2017) (No. 16-285). Plaintiffs' primary claims, and the claims of all those they seek to represent in this case, are subsumed within a closely-related class and collective action pending against Amazon in the Western District of Washington. *Rittmann, et al. v. Amazon.com, Inc. and Amazon Logistics, Inc.*, No. 16-01554 (W.D. Wash.) ("*Rittmann*"). Last month, Judge Coughenour temporarily stayed all proceedings in that case, *see id.* Dkt. 77, in light of the Supreme Court's recent grant of *certiorari* on the question of:

> Whether an agreement that requires an employer and an employee to resolve employment-related disputes through individual arbitration, and waive class and collective proceedings, is enforceable under the Federal Arbitration Act, notwithstanding the provisions of the National Labor Relations Act.

*Epic Systems Corp. v. Lewis* (U.S. Jan. 13, 2017) (No. 16-285); *see also Ernst & Young LLP v. Morris* (U.S. Jan. 13, 2017) (No. 16-300), and *NLRB v. Murphy Oil USA, Inc.* (U.S. Jan. 13, 2017) (No. 16-307).[1] If Plaintiffs' claims are not compelled to arbitration, this Court should do the same. Whether Plaintiffs' claims—and the claims of the thousands of California DPs they seek to represent—can proceed in court turns upon how the Supreme Court answers the question on appeal in *Lewis, Morris, and Murphy Oil.*

Plaintiffs anticipate the arbitration issue in their Complaint, suggesting that the issue on appeal to the Supreme Court is not dispositive of their claims because, regardless of the outcome, the arbitration provision falls under the "transportation worker" exception in Section 1 of the FAA, 9 U.S.C. § 1. Compl. ¶ 63. But if the Court believes that there is any merit to this argument – and it should not –Plaintiff's argument provides further *support* for a stay, as the same issue is now pending at the Ninth Circuit in *Doe v. Swift Transp. Company*, No. 17-15102.

---

[1] *Lewis, Morris,* and *Murphy Oil* have been consolidated on appeal before the Supreme Court. The corresponding circuit court decisions are *Lewis v. Epic Systems Corp.*, 823 F.3d 1147 (7th Cir. 2016); *Morris v. Ernst & Young LLP*, 834 F.3d 975 (9th Cir. 2016); and *Murphy Oil USA, Inc. v. N.L.R.B.*, 808 F.3d 1013 (5th Cir. 2015). Opening briefs in this trilogy of cases are due on June 9, 2017, with response briefs due on August 9, 2017. *See Epic Systems Corp. v. Lewis*, No. 16-285, Dkt. Nos. 24 & 25 (U.S. Apr. 28, 2017); *Ernst & Young LLP v. Morris*, No. 16-300, Dkt. Nos. 24 & 25 (U.S. Apr. 28, 2017); *NLRB v. Murphy Oil USA, Inc.*, No. 16-307, Dkt. Nos. 17 & 18 (U.S. Apr. 28, 2017).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 17-cv-02219 RS

3

DEFENDANTS' MOTION TO COMPEL
INDIVIDUAL ARBITRATION, OR IN THE
ALTERNATIVE, MOTION TO STAY

DB1/ 92064394

Plaintiffs have placed the questions on appeal to the Ninth Circuit and Supreme Court directly before this Court.  Compl. ¶ 63.

As Judge Coughenour already has held in the *Rittmann* case, there is overwhelming support for staying this action if the Court has any uncertainty as to whether to compel arbitration at this time.  For example, Fed. R. Civ. P. 16(c)(2) and 26(f) relate to matters for consideration in an initial discovery plan and an initial pretrial conference.  Those rules contemplate that the Court and the parties should know whether the number of potential plaintiffs will be in the **thousands** versus the approximately 19 California DPs who opted out of arbitration, before litigating whether and to whom notice of this case should go; what discovery is needed and from whom; what the overall scope of this case looks like; what schedule is appropriate; who will be witnesses; how long any trial likely would be; whether there is any chance of the case being resolved by the parties; and the like.  The Court and the parties can answer of all of these questions in a relatively short time when the Supreme Court issues its decision.

If the Court were to allow Plaintiffs' claims to proceed, notwithstanding the controlling Ninth Circuit authority compelling their claims to arbitration, the result will be extensive and complex court discovery on class certification issues (including costly electronic discovery), additional motion practice, and other extensive litigation activity—all of which the now 9-Justice Supreme Court may moot.  If the Court were not to compel arbitration now, needless expenditures of time, scarce judicial resources, and costs can be avoided simply by waiting until the Supreme Court and the Ninth Circuit rule on questions that are likely to dramatically simplify the issues in this case.  In contrast to these benefits, a stay will not harm Plaintiffs in any cognizable or appreciable way—if their claims are allowed to proceed in court following the Supreme Court's decision, the filing of their Complaint will have stayed the statute of limitations for Plaintiffs and members of the putative class.  In fact, if anything, a stay will *benefit* Plaintiffs.  As the law in the Ninth Circuit now stands, if a stay is not granted, Plaintiffs' claims should be compelled to individual arbitration in accordance with the plain terms of the TOS to which they agreed.

Morgan, Lewis & Bockius LLP
Attorneys at Law
Los Angeles

DB1/ 92064394

Case No. 17-cv-02219 RS

4

DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION, OR IN THE ALTERNATIVE, MOTION TO STAY

## II. STATEMENT OF ALLEGED FACTS

### A. FACTUAL BACKGROUND

#### 1. The Amazon Flex Program

Amazon offers various products for purchase online through Amazon websites and mobile applications. Declaration of Piyush Lumba ("Lumba Decl.") at ¶ 3. Products purchased through Amazon historically have been delivered by large third-party delivery providers (*e.g.*, Federal Express, UPS and the U.S. Postal Service). *Id*. at ¶ 4. More recently, Amazon has supplemented its use of large providers by contracting with smaller delivery service providers ("DSPs") and other independent contractors like Plaintiffs who are crowdsourced through a smartphone-application-based program known as Amazon Flex. *Id*. DPs sign up to participate in the Amazon Flex program and then use a personal vehicle or bicycle (or public transportation) to make deliveries. *Id*. at ¶ 16. DPs decide when to provide services, with the only variable being delivery volume as determined by customer orders. *Id*. at ¶ 17. DPs can accept or reject any opportunity offered by Amazon. As its name suggests, Amazon Flex does not require DPs to maintain a regular schedule or minimum frequency of services. *Id*. DPs are free to provide services to other companies, including competitors. *Id*. at ¶ 18.

The first DPs delivered in California on October 2, 2016. Lumba Decl.¶ 14. Both Keller and Garadis signed up as DPs in December 2016, but neither performed any services through Amazon Flex until January, 2017. Lumba Decl. ¶ 15.

#### 2. Amazon Flex Independent Contractor Terms of Service

To sign up for Amazon Flex, individuals must download the Amazon Flex app on a smartphone and accept the Independent Contractor Terms of Service. Lumba Decl. at ¶ 5. Individuals can spend as much time as they wish reviewing the Terms of Service before accepting. *Id*. at ¶ 6. The Terms of Service that existed at the program's inception (the "Original TOS") were replaced and superseded by the current TOS, which took effect September 21, 2016. *Id*. at ¶ 7. Both Keller and Garadis accepted the TOS in December 2016. *Id*. at ¶ 15. DPs who have joined the program since September 21, 2016, have received the TOS through the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 92064394

Case No. 17-cv-02219 RS

5

DEFENDANTS' MOTION TO COMPEL
INDIVIDUAL ARBITRATION, OR IN THE
ALTERNATIVE, MOTION TO STAY

Amazon Flex smartphone app, which presents prospective DPs with the TOS on-screen.[2] *Id.* at

¶¶ 9, 11.  Page One of the TOS reads:

> YOU AND AMAZON AGREE TO RESOLVE DISPUTES BETWEEN YOU AND AMAZON ON AN INDIVIDUAL BASIS THROUGH **FINAL AND BINDING ARBITRATION**, UNLESS YOU OPT OUT OF ARBITRATION WITHIN 14 CALENDAR DAYS OF THE EFFECTIVE DATE OF THIS AGREEMENT, AS DESCRIBED BELOW IN SECTION 11. If you do not agree with these terms, do not use the Amazon Flex app or participate in the Program or provide any Services.

*Id.* at ¶ 9, Ex. A, p. 1 (*capitalization and emphasis in original*). Section 11 of the TOS reiterates

the right to opt-out, as follows:

> **11. Dispute Resolution, Submission to Arbitration.**
> a) SUBJECT TO YOUR RIGHT TO OPT OUT OF ARBITRATION, THE PARTIES WILL RESOLVE BY FINAL AND BINDING ARBITRATION, RATHER THAN IN COURT, ANY DISPUTE OR CLAIM, WHETHER BASED ON CONTRACT, COMMON LAW, OR STATUTE, ARISING OUT OF OR RELATING IN ANY WAY TO THIS AGREEMENT, INCLUDING TERMINATION OF THIS AGREEMENT, TO YOUR PARTICIPATION IN THE PROGRAM OR TO YOUR PERFORMANCE OF SERVICES.
>
> ***
>
> k) WHETHER TO AGREE TO ARBITRATION IS AN IMPORTANT BUSINESS DECISION. If you wish to opt out of this arbitration agreement— meaning, among other things, that you and Amazon would be free to bring claims against each other in a court of law—you can opt out by sending an e-mail to amazonflex-support@amazon.com before the end of the Opt-Out Period (defined below). The e-mail must include your name and a statement indicating that you are intentionally and knowingly opting out of the arbitration provisions of the Amazon Flex Independent Contractor Terms of Service. You will not be subject to retaliation for asserting claims or opting out of this agreement to arbitrate.

*Id.* at ¶ 10, Ex. A, p. 5, ¶ 11] (*capitalization and emphasis in original*).  As is clear from these

terms, to "opt out" of the arbitration provision requires that a DP do no more than send a one-

line email during the 14-day opt-out period.  *Id.* at ¶¶ 10-12, Ex. A, p. 6, ¶ 11(k).  Neither of the

Plaintiffs opted-out of arbitration.  Lumba Decl. at ¶ 15 and, as of April, 2016, only 19

California DPs who have provided delivery services have opted-out.  Declaration of Peter

Nickerson ("Nickerson Decl.")  at ¶ 5.

---

[2] The TOS is also accessible to DPs in the Account/View Legal Information section of the Amazon Flex app.  Lumba Decl. at ¶ 8.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 17-cv-02219 RS

6

DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION, OR IN THE ALTERNATIVE, MOTION TO STAY

DB1/ 92064394

## B.    PROCEDURAL BACKGROUND

Plaintiffs filed this putative class action on March 13, 2017, asserting that they are improperly classified as independent contractors. *See generally* Compl. ("*Keller*").[3] Plaintiffs seek to represent a class of DPs who have:

> performed delivery work through the Amazon Flex app in the State of California for or on behalf of one or more of the Defendants from March 9, 2013 to the present.

Compl. at ¶ 17 ("California DPs").

## III.    ARGUMENT

### A.    THE COURT SHOULD COMPEL PLAINTIFFS' CLAIMS TO ARBITRATION.

As of April 2016, thousands of California DPs have signed up to participate in the Amazon Flex program. Of those thousands who have provided services through Amazon Flex, 19 have opted-out of arbitration. The Plaintiffs in this case did not exercise that option: both expressly agreed to binding, individual arbitration of the claims they attempt to assert in this action. Plaintiffs' claims should be compelled to arbitration.

#### 1.    The FAA requires Federal Courts to Compel Arbitration.

The FAA requires federal courts to compel the arbitration of any claims covered by a valid arbitration agreement. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) ("By its terms, the Act . . . mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."). Consistent with our "national policy favoring arbitration when the parties contract for that mode of dispute resolution," *Preston v. Ferrer*, 552 U.S. 346, 349 (2008), Section 2 of the FAA mandates that arbitration agreements "shall be valid, irrevocable, and enforceable" to the same extent as any contract, and Section 4 commands that a district court "shall" issue "an order directing the

---

[3] Plaintiffs originally filed their Complaint in San Francisco Superior Court. Defendants removed the case to the Northern District of California in April 20, 2016. *See* Dkt. 1. In the event the Court does not compel Plaintiffs' claims to arbitration or stay this case pending the decisions of the Supreme Court and the Ninth Circuit, Amazon has separately moved to dismiss, stay, or transfer venue in light of the two pending federal cases that already encompass Plaintiffs' claims, or, in the alternative, to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) multiple claims that fail as a matter of law.

Case No. 17-cv-02219 RS

7

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 92064394

DEFENDANTS' MOTION TO COMPEL
INDIVIDUAL ARBITRATION, OR IN THE
ALTERNATIVE, MOTION TO STAY

1 parties to proceed to arbitration in accordance with the terms of [their] agreement." 9 U.S.C.

2 §§ 2, 4; *see also Am. Exp. Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2309 (2013) (the FAA

3 "reflects the overarching principle that arbitration is a matter of contract . . . [a]nd consistent

4 with that text, courts must rigorously enforce arbitration agreements according to their terms")

5 (quotations omitted).

6      Any doubts as to the arbitrability of any issue must be resolved in favor of arbitration.

7 *Green Tree Fin. Corp. v. Bazzle,* 539 U.S. 444, 452 (2003). To that end, the FAA requires

8 courts to "rigorously enforce agreements to arbitrate." *Id.* at 626; *see*, *e.g.*, *Cobarruviaz v.*

9 *Maplebear, Inc.,* 143 F. Supp. 3d 930 (N.D. Cal. 2015) (compelling arbitration for independent

10 contractors alleging misclassification claims under California and federal law); *see also Perry v.*

11 *Thomas*, 482 U.S. 483, 490 (1987) (upholding arbitration agreement and compelling arbitration

12 of claim for unpaid wages under the California Labor Code); *McManus v. CIBC World Mkts.*

13 *Corp.*, 134 Cal. Rptr. 2d 446 (2003) (compelling arbitration of California Labor Code claims).

14      On a motion to compel, the FAA limits a court's inquiry to "determining (1) whether a

15 valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the

16 dispute at issue." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008). When

17 the determination is affirmative as to both questions, the FAA "requires the court to enforce the

18 arbitration agreement in accordance with its terms." *Chiron Corp. v. Ortho Diagnostic Sys.,*

19 *Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). Here, Amazon easily answers both questions in the

20 affirmative; as a result, Plaintiffs' claims must be compelled to individual arbitration in

21 accordance with the terms of the TOS.

22         **2.**     **A Valid and Binding Arbitration Agreement Exists.**

23      In assessing whether a binding arbitration clause exists, courts in the Ninth Circuit must

24 apply ordinary state law contract principles. *See*, *e.g.*, *Lowden v. T-Mobile USA, Inc.*, 512 F.3d

25 1213 (9th Cir. 2008) (applying Washington law to determine if arbitration clause was

26 unenforceable); *Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1072 (9th Cir. 2007) (applying

27 California law to determine whether an arbitration clause was unenforceable due to procedural

28 and substantive unconscionability) *overruled, in part, on other grounds, Ferguson v. Corinthian*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 92064394

Case No. 17-cv-02219 RS

8

DEFENDANTS' MOTION TO COMPEL
INDIVIDUAL ARBITRATION, OR IN THE
ALTERNATIVE, MOTION TO STAY

*Colleges, Inc.,* 733 F.3d 928, 933 (9th Cir. 2013). The TOS contains a choice of law provision

designating Washington law as the governing law with respect to all matters not otherwise

governed by the FAA. Lumba Decl., Ex. A at p. 6, ¶ 12. There can be no dispute that Plaintiffs

are bound to individual arbitration under Washington law.[4]

The "party opposing arbitration bears the burden of showing that the agreement is not

enforceable" because it is unconscionable. *Zuver v. Airtouch Commc'ns, Inc.,* 103 P.3d 753,

759 (Wash. 2004) (en banc). *Cf. Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1023 (9th Cir.

2016) (the party asserting that a contractual provision is unconscionable bears the burden of

proof). Plaintiffs here can offer no meaningful argument that the TOS is unconscionable under

Washington law.

(i) **Plaintiffs Cannot Prove Procedural Unconscionability.**

"Procedural unconscionability has been described as the lack of a meaningful choice,

considering all the circumstances surrounding the transaction including [1] the manner in which

the contract was entered, [2] whether each party had a reasonable opportunity to understand the

terms of the contract, and [3] whether the important terms were hidden in a maze of fine print."

*Gorden v. Lloyd Ward & Assocs., P.C.*, 323 P.3d 1074, 1079 (Wash. Ct. App. 2014) (citations

omitted). Plaintiffs can point to **no** aspect of the TOS that is procedurally unconscionable.

Plaintiffs *twice* affirmatively indicated that they "AGREE[D] AND ACCEPT[ED]" the

arbitration provision by selecting that option on their smartphone (*i.e.*, a "click-wrap"

agreement). Lumba Decl. at ¶¶ 11. This Court and other courts have routinely enforced terms

of service presented in either a "browse-wrap" or "click-wrap" fashion. *See, e.g.*, *Loewen v.*

*Lyft, Inc.*, 129 F. Supp. 3d 945 (N.D. Cal. 2015) (enforcing click-wrap arbitration agreement);

*Bekele v. Lyft, Inc.*, 199 F. Supp. 3d 284, 295 (D. Mass. 2016) ("[C]ourts have routinely

concluded that clickwrap agreements – whether they contain arbitration provisions or other

contractual terms – provide users with reasonable communication of an agreement's terms");

---

[4] Washington's commitment to arbitration is codified in the Washington Uniform Arbitration
Act, Wash. Rev. Code Ann. § 7.04A.010 *et seq.*; *see also Palcko v. Airborne Express, Inc.,* 372
F.3d 588 (3d Cir. 2004) (holding arbitration agreement signed by employee of transportation
company enforceable under Washington law).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 17-cv-02219 RS

9

DEFENDANTS' MOTION TO COMPEL
INDIVIDUAL ARBITRATION, OR IN THE
ALTERNATIVE, MOTION TO STAY

DB1/ 92064394

1  *see also Bassett v. Elec. Arts, Inc.*, 93 F. Supp. 3d 95, 104 (E.D.N.Y. 2015) ("Plaintiff

2  manifested assent to the agreement to arbitrate when he clicked 'I Accept' during both the

3  registration process and when later confronted with updated Terms of Service, and when he did

4  not opt out of the arbitration agreement using the process described in the arbitration clause");

5  *Ekin v. Amazon Servs., LLC,* 84 F. Supp. 3d 1172, 1175 (W.D. Wash. 2014) (enforcing

6  arbitration agreement contained in Amazon "clickwrap" agreement in light of widespread

7  "recognition of the Ninth Circuit rule that similar 'clickwrap' agreements are completely

8  enforceable") (*citing Peters v. Amazon Servs., LLC,* 2 F.Supp. 3d 1165, 1170 (W.D. Wash.

9  2013) (finding valid agreement to arbitrate where plaintiff clicked box indicating he had read

10  and agreed to terms of agreement)); *Doe v. Project Fair Bid Inc*., No. C11-809 MJP, 2011 WL

11  3516073, at *4 (W.D. Wash. Aug. 11, 2011) (enforcing "clickwrap" agreement where, as here,

12  plaintiff "was required to acknowledge that he 'read and understood' the [terms of service]");

13  *see also Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201 (9th Cir. 2016) (browse-wrap arbitration

14  agreement not procedurally unconscionable).

15      Leaving no room for doubt that Plaintiffs and other DPs were clearly put on notice of the

16  terms of the arbitration provision, the TOS includes the following language in bolded, all-capital

17  font at the **<u>beginning</u>** of the agreement stating:

18      YOU AND AMAZON AGREE TO RESOLVE DISPUTES BETWEEN YOU
19      AND AMAZON ON AN INDIVIDUAL BASIS THROUGH **FINAL AND
        BINDING ARBITRATION,** UNLESS YOU OPT OUT OF ARBITRATION
20      WITHIN 14 CALENDAR DAYS OF THE EFFECTIVE DATE OF THIS
        AGREEMENT, AS DESCRIBED BELOW IN SECTION 11. If you do not agree
21      with these terms, do not use the Amazon Flex app or participate in the Program
        or provide any Services.
22

23  *See* Lumba Decl. at ¶ 9, Ex. A at pp. 1, 5-6 (emphasis in original); *contrast Cobarruviaz,* 143 F.

24  Supp. 3d at 941 (compelling arbitration despite finding that surprise element satisfied where

25  "arbitration clause appeared on the fifth page of the Agreement, in text the exact same size as

26  the surrounding text with nothing to call particular attention to the clause.").

27      Moreover, all putative class members had 14 days to opt out of the TOS's arbitration

28  provision.  Lumba Decl., Ex. A at pp. 1, 5-6.  The right to opt-out is also no secret—15

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 17-cv-02219 RS

10

DEFENDANTS' MOTION TO COMPEL
INDIVIDUAL ARBITRATION, OR IN THE
ALTERNATIVE, MOTION TO STAY

DB1/ 92064394

members of the putative class (but not Plaintiffs) exercised that option. While courts within the Ninth Circuit enforce arbitration agreements whether or not they contain an opt-out right, *Loewen*, 129 F. Supp. 3d at 966-67 (enforcing click-wrap arbitration agreement that did not contain opt-out provision), the existence of a right to opt out of arbitration removes any question regarding enforceability of the arbitration provision in the TOS. *Mohamed*, 848 F.3d at 1211 (agreement between ride-share service and its drivers permitting drivers to opt-out of arbitration within 30 days either in person or by overnight delivery service was not illusory, and agreement was not procedurally unconscionable); *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1076 (9th Cir. 2014). *See also Bruster v. Uber Techs. Inc.*, 188 F. Supp. 3d 658, 664 (N.D. Ohio 2016), *reconsideration denied*, 2016 WL 4086786 (N.D. Ohio Aug. 2, 2016) ("The opt-out process was fairly painless: Plaintiff only needed to email his name and his intent to opt out to Uber."); *Varon v. Uber Techs., Inc.*, No. CV MJG-15-3650, 2016 WL 1752835, at *5 (D. Md. May 3, 2016) (granting motion to compel and rejecting argument that agreement was an adhesion contract because arbitration provision "with a clearly-stated opportunity to opt-out without retaliation, is not procedurally unconscionable."), *reconsideration denied*, No. 15-cv-2653, 2016 WL 3917213 (D. Md. July 20, 2016). Because Plaintiffs expressly assented to arbitration, had clear notice of the terms to which they agreed, and had ample opportunity to opt out, they cannot establish either surprise or oppression. Simply put, Plaintiffs cannot prove procedural unconscionability.

(ii)     **Plaintiffs Cannot Prove Substantive Unconscionability.**

A term is substantively unconscionable under Washington law where it is "'one-sided or overly harsh,' '[s]hocking to the conscience,' 'monstrously harsh,' and 'exceedingly calloused.'" *Adler v. Fred Lind Manor*, 103 P.3d 773, 781 (Wash. 2004) (internal quotation marks and citations omitted) (quoting *Schroeder v. Fageol Motors, Inc.,* 544 P.2d 20, 23 (1975) and *Nelson v. McGoldrick,* 896 P.2d 1258, 1262 (1995)).

Again, Plaintiffs cannot meet their burden. The TOS is neither one-sided nor in any way "harsh," let alone "overly" or "exceedingly" so. The TOS requires **both** Amazon and DPs to arbitrate disputes through a neutral arbitrator from the American Arbitration Association

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 17-cv-02219 RS

11

DEFENDANTS' MOTION TO COMPEL
INDIVIDUAL ARBITRATION, OR IN THE
ALTERNATIVE, MOTION TO STAY

DB1/ 92064394

("AAA"). It further incorporates the AAA's Commercial Arbitration Rules and Mediation Procedures which provide for a written award.[5] The TOS requires DPs to pay nominal filing costs that are capped at $200 (less than filing fees in many courts) and, moreover, does not limit Plaintiffs from pursuing any form of relief that might be available in court. It likewise does not reduce the statute of limitations or limit discovery. *Cf. Zuver*, 153 Wn. 2d at 320-21 (enforcing arbitration agreement after severing confidentiality provision and limitation on punitive damages). The TOS also ensures that DPs' claims can be arbitrated at a mutually agreeable location within 45 miles of where they last-made deliveries. *See* Lumba Decl., Ex. A at ¶ 11(i). By any measure, the arbitration provision in the TOS is fair and reasonable. Because that agreement is neither procedurally nor substantively unconscionable, it is valid, binding, and enforceable as to the Plaintiffs.

### 3. Plaintiffs' Claims Fall Within the Arbitration Agreement.

The claims alleged by Plaintiffs in their Complaint fall clearly within the broad scope of the arbitration provision contained in the TOS. That provision covers "ANY DISPUTE OR CLAIM, WHETHER BASED ON CONTRACT, COMMON LAW, OR STATUTE, ARISING OUT OF OR RELATING IN ANY WAY TO THIS AGREEMENT, INCLUDING TERMINATION OF THIS AGREEMENT, TO YOUR PARTICIPATION IN THE PROGRAM OR TO YOUR PERFORMANCE OF SERVICES." Lumba Decl., Ex. A at pp. 5-6.

Because the TOS expressly covers any claims arising out of or *relating in any way* to the TOS, participation in the Amazon Flex program, and the performance of services, Plaintiffs cannot overcome the presumption of arbitrability that applies to all of their claims, which allege various wage and hour violations, failure to reimburse business expenses, and fraudulent business practices in connection with the TOS and Plaintiffs' participation in the Amazon Flex program. *See Comedy Club, Inc. v. Improv West Assocs.*, 553 F.3d 1277, 1284 (9th Cir. 2009) (holding that an arbitration agreement is presumed enforceable unless it may be said with

---

[5] *See* R-42, *available at* https://www.adr.org/aaa/ShowProperty?nodeId=/UCM/ADRSTG_004103&revision=latestrelea sed (last accessed May 11, 2017).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 92064394

DEFENDANTS' MOTION TO COMPEL
INDIVIDUAL ARBITRATION, OR IN THE
ALTERNATIVE, MOTION TO STAY

"positive assurance" that the arbitration clause is "not susceptible of an interpretation" that covers the asserted dispute); *Simula, Inc. v. Autoliv, Inc.* 175 F.3d 716, 720-21 (9th Cir. 1999) (holding that arbitration clause covering "any and all disputes arising under" must be broadly and liberally interpreted in favor of coverage).

Because Plaintiffs agreed that they may not resolve their disputes with Amazon in court, they *must* proceed to arbitration on an individual basis. Accordingly, the Court should compel Plaintiffs' claims to arbitration and dismiss this case. *See*, *e.g., Cobarruviaz,* 143 F. Supp. 3d at 930.

### 4. Plaintiffs' Mistaken Arguments Against Enforceability.

Recognizing that they cannot establish unconscionability, in Paragraph 63 of the Complaint, Plaintiffs contend that their arbitration agreement is "unenforceable as the work performed by delivery workers is exempt from the [FAA] . . . and violates the National Labor Relations Act (NLRA), 29 U.S.C. § 151-169. . ."  Plaintiffs are wrong on both counts.[6]

### a. Plaintiffs' NLRA Arguments Fail.

Plaintiffs' argument that the TOS is unenforceable under the NLRA fails for several reasons:

First, section 2(3) of the NLRA specifically excludes from the definition of "employee" an individual having the status of an independent contractor. 29 U.S.C. § 152(3) ("The term 'employee' ... shall not include ... any individual having the status of an independent contractor..."). Thus, the NLRA and, hence, the holding in *Morris v. Ernst & Young* do not apply. *See id.*, 834 F.3d at 989-90 (finding that employment agreement's "separate proceedings" clause infringed employees' right to "act in the [arbitration] forum together"), *pet'n for certiorari granted*, *Ernst & Young LLP v. Morris* (U.S. Jan. 13, 2017) (No. 16-300).

Second, this Court lacks jurisdiction to find that the arbitration provision constitutes an

---

[6] Plaintiffs also vaguely assert that the arbitration provision in the TOS violates the "California Labor Code."  Any argument that the TOS violates the Cal. Labor Code is preempted by the FAA.  *See Perry v. Thomas*, 482 U.S. 483, 489-91 (1987) (holding FAA preempted California state law allowing employees to bring action in court for unpaid wages despite the existence of enforceable arbitration agreements); *Kilgore v. Keybank Nat'l Assoc.*, 718 F.3d 1052, 1052 (9th Cir. 2013) (holding that the FAA preempts state law rules that would otherwise exclude particular claims from arbitration).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

unfair labor practice because that question is within the primary jurisdiction of the National Labor Relations Board. *See Brown v. TrueBlue, Inc.*, No. 1:10-CV-00514, 2012 WL 1268644, at *5 (M.D. Pa. April 16, 2012) (court lacked "jurisdiction over claims based on activity that is 'arguably' subject to [Sections] 7 or 8" of the NLRA, rejecting argument that arbitration could not be enforced based on theory that class action waiver violated NLRA) (quoting *Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*, 493 U.S. 67, 74 (1989)).

    Third, the opt-out provision of the TOS renders *Morris* dispositively inapposite as to Plaintiffs and California DPs.[7] *Johnmohammadi*, 755 F.3d at 1075 (concluding that because "Bloomingdale's gave her the option of participating in its dispute resolution program, which would require her to arbitrate any employment-related disputes on an individual basis . . . [t]here is thus no basis for concluding that Bloomingdale's coerced Johnmohammadi into waiving her right to file a class action).

### b. The Transportation Worker Exemption Does Not Apply to Plaintiffs.

    Plaintiffs contend that the FAA does not apply to them because Section 1 of the FAA exempts from coverage "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce" (the "Transportation Worker Exemption" or "TW Exemption"). 9 U.S.C. § 1; Compl. ¶ 63. Plaintiffs, however, cannot establish the elements of the TW Exemption.

    To qualify for the TW Exemption, Plaintiffs must show they (1) have "contracts of employment" with Amazon, (2) are "transportation workers," and (3) are engaged in "interstate commerce." *Harden v. Roadway Package Sys., Inc.*, 249 F.3d 1137, 1140 (9th Cir. 2001). Consistent with the federal policy favoring arbitration, the Supreme Court mandates that courts construe the TW Exemption narrowly. *See Rogers v. Royal Caribbean Cruise Line*, 547 F.3d 1148, 1153 (9th Cir. 2008), *citing Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 112 (2001); *Veliz v. Cintas Corp.*, No. C 03-1180 SBA, 2004 WL 2452851, at *3 (N.D. Cal. Apr. 5, 2004).

---

[7] Moreover, as explained in detail, *supra* at 2, *Morris* is the subject of a deep split in the Courts of Appeals. That split is set to be resolved by the Supreme Court in the October 2017 term. *Id.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 17-cv-02219 RS

14

DEFENDANTS' MOTION TO COMPEL
INDIVIDUAL ARBITRATION, OR IN THE
ALTERNATIVE, MOTION TO STAY

DB1/ 92064394

Plaintiffs, the parties opposing arbitration, bear the burden of demonstrating that the TW Exemption applies. *Cilluffo v. Central Refrigerated Services*, 2012 WL 852307, at *3 (C.D. Cal., Sept. 24, 2012) (internal citations omitted); *Veliz*, 2004 WL 2452851 at *8 ("Plaintiffs carry the burden of demonstrating that they fall within the FAA § 1 exemption…[and] provid[ing] evidence that they are transportation workers[.]"). Plaintiffs cannot meet that burden here.

First, the TOS could not more clearly express that is <u>not</u> "a contract of employment." Consistent with the narrow interpretation of the TW Exemption, courts must presume that an agreement that characterizes a party as an independent contractor is not a "contract of employment" unless the party seeking the Section 1 exemption rebuts that characterization. *See*, *e.g.*, *Alvarado v. Pac. Motor Trucking Co.*, No. EDCV 14-0504-DOC, 2014 WL 3888184, at *4 (C.D. Cal. Aug. 7, 2014) ("[U]nless the non-moving party proves . . . that the FAA does not apply, the court should apply the characterization of the relationship described in the agreement and find that [the non-moving party] characterized as an independent contractor does not have a contract of employment."); *Villalpando v. Transguard Ins. Co. of Am.*, 17 F. Supp. 3d 969, 982 (N.D. Cal. 2014) (rejecting exemption argument where the "[a]greements indicate[d] that the relationship between Plaintiff and [Defendant] [was] 'not an employer-employee relationship'"); *Performance Team Freight Systems, Inc. v. Aleman et al.*, 194 Cal. Rptr. 3d 530 (Cal. Ct. App. 2015) (holding that individual truck drivers with independent contractor agreements did not qualify for the exemption because their agreements were labeled "independent contractor agreements" and described each driver as an "independent contractor," and drivers failed to rebut the presumption that their agreements were not contracts of employment). The TOS clearly identifies DPs as independent contractors and prohibits DPs from claiming Amazon employment status. Lumba Decl., Ex. A, ¶ 2 ("This Agreement creates an independent contractor relationship, not an employment relationship."). And "independent contractor" is no mere label. The TOS includes extensive evidence that DPs may (1) provide delivery services to Amazon competitors; (2) reject any delivery opportunity Amazon offers; (3) provide services at any time or frequency; and (4) use and control their own equipment. *See*

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 92064394

Lumba Decl. ¶¶ 17-18.  Clearly, Plaintiffs do not have "contracts of employment" within the meaning of the TW Exemption.

Likewise, Plaintiffs cannot meet their burden of showing that they are "engaged in interstate commerce."  Consistent with the narrow construction of the TW exemption, it applies only to "workers actually engaged in the movement of goods in interstate commerce."  *See, e.g.*, *Vargas v. Delivery Outsourcing, LLC*, No. 15-CV-03408-JST, 2016 WL 946112, at *4-5 (N.D. Cal. Mar. 14, 2016) (plaintiffs who delivered delayed luggage to airline passengers were not exempt from the FAA because evidence did not support their assertions that they delivered any luggage out of state).  Plaintiffs have not alleged that they cross state lines, *Levin v. Caviar, Inc.*, 146 F. Supp. 3d 1146, 1153-54 (N.D. Cal. 2015) (rejecting argument that intra-state drivers are "final step in the flow of [out-of-state] food items"), nor otherwise established they are "engaged in interstate commerce." *Vargas*, 2016 WL 946112 at *3 (holding strike would not interrupt "free flow of goods to third parties" like seamen's strike).  Indeed, Plaintiffs seek to represent DPs who, like them, deliver solely within California.  "Given the strong and liberal federal policy favoring arbitral dispute resolution, the Court cannot conclude on this record that §1 bars the enforcement of the arbitration provision at issue." *Owner-Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co.*, 288 F. Supp. 2d 1033, 1035-36 (D. Ariz. 2003).

## B. ALTERNATIVELY, THE COURT SHOULD STAY THIS ACTION.

Should the Court decide not to compel Plaintiffs to arbitration at this time, Amazon respectfully requests that the Court, like the court in *Rittmann*, stay this action pending the decisions of the Supreme Court and the Ninth Circuit on issues directly bearing on this action. In the event the Court does not compel Plaintiffs' claims to arbitration or stay this case pending the decisions of the Supreme Court and the Ninth Circuit, Amazon has separately moved to dismiss, stay, or transfer venue in light of the two pending federal cases that already encompass Plaintiffs' claims, or, in the alternative, to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) Plaintiffs' multiple causes of action that fail as a matter of law.[8]

_____

[8] To be clear, Amazon moves to dismiss at this time only insofar as the Court determines not to compel arbitration or transfer.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 17-cv-02219 RS

16

DEFENDANTS' MOTION TO COMPEL
INDIVIDUAL ARBITRATION, OR IN THE
ALTERNATIVE, MOTION TO STAY

DB1/ 92064394

1    **1.      Legal Standard**

2    "A district court has the inherent power to stay its proceedings. This power to stay is

3    incidental to the power inherent in every court to control the disposition of the causes on its

4    docket with economy of time and effort for itself, for counsel, and for litigants." *Gustavson v.*

5    *Mars, Inc.*, No. 13-04537, 2014 WL 6986421, at *2 (N.D. Cal. Dec. 10, 2014) (granting stay

6    pending Ninth Circuit decision in separate case) (citation and internal quotation marks omitted).

7    Courts in the Ninth Circuit weigh three factors in determining whether to grant a stay

8    pending the outcome of independent proceedings:  (1) the orderly course of justice "measured in

9    terms of the simplifying or complicating of issues, proof, and questions of law which could be

10   expected to result from a stay"; (2) the hardship or inequity that a party may suffer in being

11   required to go forward; and (3) the possible "damage" that may result from granting a stay.

12   *Matera v. Google Inc.*, No. 15-04062, 2016 WL 454130, at *1 (N.D. Cal. Feb. 5, 2016) (quoting

13   *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).   All three of these factors favor a stay

14   in this case.

15   The foregoing authority establishes that the inquiry is whether an intervening decision

16   may *simplify* the proceedings, not whether it will dispose of all claims or issues.  *Matera*, 2016

17   WL 454130, at *3.  *See also McIalwain v. Green Tree Servicing, LLC*, No. 13-6096, 2014 WL

18   12526281, at *2 (W.D. Wash. Feb. 5, 2014).  Courts have consistently stayed actions pending

19   Supreme Court review of Ninth Circuit authority, particularly where, as here, the parties would

20   otherwise engage in what would be wasted litigation.  *See Rittmann,* Dkt. 77 at 4 (staying

21   proceedings pending the Supreme Court's decision in *Morris*, *Lewis*, and *Murphy Oil*); *Matera*,

22   2016 WL 454130, at *3 (staying proceedings following Supreme Court's decision to hear

23   standing issue on appeal from the Ninth Circuit, after finding that "the parties are likely to

24   expend considerable resources on discovery and briefing which may be wasted if [the Supreme

25   Court decision] ultimately requires dismissal of Plaintiff's Complaint."); *McElrath v. Uber*

26   *Tech., Inc.*, No. 3:16-cv-07241, Dkt. Nos. 26 & 30  (Mar. 23 & 30, 2017) (staying case pending

27   Supreme Court's decision in *Morris*); *Mackall v. Healthsource Global Staffing, Inc.*, No. 16-

28   3810-WHO, Dkt. No. 55 (N.D. Cal. Jan. 18, 2017) (same); *Lopez v. Am. Express Bank, FSB*, No

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 92064346

Case No. 17-cv-02219 RS

17

DEFENDANTS' MOTION TO COMPEL
INDIVIDUAL ARBITRATION, OR IN THE
ALTERNATIVE, MOTION TO STAY

09-07335, 2010 WL 3637755, at *4 (C.D. Cal. Sept. 17, 2010) (granting stay pending Supreme Court's decision on enforceability of class action waivers in *Concepcion*: "It would be burdensome for both parties to spend much time, energy, and resources on pre-trial and discovery issues, only to find those issues moot within less than a year.").

**2.  The Orderly Course of Justice Will Be Furthered By Staying This Class Action Pending The Supreme Court's Decision and the Ninth Circuit's Decision in *Swift*.**

The touchstone of the Rule 23 certification process is judicial efficiency. *Mateo v. V.F. Corp.*, No. 08-05313, 2009 WL 3561539, at *5 (N.D. Cal. Oct. 27, 2009) ("class resolution must be 'superior to other available methods for the fair and efficient adjudication of claims'") (quoting Fed. R. Civ. P. 23(b)(3)). Staying this action until after the Supreme Court's ruling in *Morris*, *Murphy Oil,* and *Lewis*, and the Ninth Circuit's decision in *Swift*, will markedly simplify the issues, proof, and questions of law in this action. *See Matera*, 2016 WL 454130, at *2 ("[C]onsiderations of judicial economy are highly relevant in determining whether" to issue a stay.) Thus, if this Court were not to compel arbitration – which it should – Amazon respectfully submits that the most prudent and efficient course of action for both the Court and the parties is to transfer this case to one of the other cases that encompasses these claims and/or to stay it pending the forthcoming judicial clarity from the Supreme Court and the Ninth Circuit.

**a.  The Supreme Court's Decision Could Substantially Narrow the Issues, Proof and Questions of Law in This Lawsuit.**

Courts in the Ninth Circuit have stayed actions in their entirety when, as here, issues pending before the Supreme Court may impact the size and scope of a putative class or collective action. That is precisely what the District Court for the Western of Washington held last month when it stayed the closely overlapping *Rittmann* action, *supra* at 1-2. *Rittmann*, Dkt. 77 at 4 ("The Court finds that the Supreme Court's decision in [*Morris, Lewis* and *Murphy Oil*] is relevant, as it will likely determine whether the putative class numbers in the hundreds or tens of thousands."). *See also Lennartson v. Papa Murphy's Holdings, Inc.*, No. 15-5307, 2016 WL 51747, at *5 (W.D. Wash. Jan. 5, 2016) (granting stay pending Supreme Court's decision to hear issues that would limit the size of plaintiff's proposed class).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 17-cv-02219 RS

18

DEFENDANTS' MOTION TO COMPEL
INDIVIDUAL ARBITRATION, OR IN THE
ALTERNATIVE, MOTION TO STAY

DB1/ 92064394

Here, the Supreme Court's decision will address whether an arbitration agreement containing a class and collective action waiver violates the NLRA. That decision, in turn, could immediately impact the potential size of the putative class sought in this case. If the Supreme Court agrees that class action waivers are enforceable, only the approximately 19 DPs who performed services in California and who opted-out of arbitration may pursue their claims outside of arbitration. *See* Nickerson Decl. at ¶ 5. By contrast, only if the Supreme Court holds that the NLRA bars class waivers (whether completely or in the absence of an opt-out provision) will this Court be required to wade into the thicket of determining whether DPs are "employees" subject to the NLRA, or independent contractors who are not. *See Roman v. Northrop Grumman Corp.*, No. 16-cv-6848-CAS GJSX, 2016 U.S. Dist. LEXIS 173022, at *7-*8 (C.D. Cal. Dec. 14, 2016) (granting stay regarding pending motion to compel arbitration after finding that the stay would simplify issues because "the Supreme Court's resolution of the question presented in *Morris* would also resolve a central question in this case …").

The procedural posture and circumstances in *Kwan v. Clearwire Corp.*, No. 09-1392, 2011 WL 1213176, *2 (W.D. Wash. Mar. 29, 2011) are ***strikingly similar*** to those presented here and that also led the court to grant a stay in *Rittmann*. In *Kwan*, the defendants moved to compel two of the three named plaintiffs to individual arbitration. *Id.* at *1. Plaintiffs opposed that motion on the ground that the class action waiver in plaintiff's arbitration agreement violated state law. *Id.* at *2. While the defendants' motion to compel was pending, the Supreme Court granted *certiorari* in *Concepcion*, to decide whether the Ninth Circuit erred by holding that the FAA does not preempt state law from conditioning enforcement of an arbitration clause on the availability of a class action. In weighing the potential harm to defendants of not staying the case, the court specifically identified the "substantially greater" burdens associated with class discovery compared to individual arbitration. *Id.* at *3. Recognizing the unmistakable burden of litigating a large class action, Judge Robart stayed the action, holding that given "the significant possibility that the arbitrability of [plaintiff's] claims . . . will turn on the Supreme Court's opinion in *Concepcion*, the court finds it inefficient to proceed with litigation of this case." *Id.* (quoting *Stoican v. Cellco P'ship*, No. 10-1017,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 92064394

Case No. 17-cv-02219 RS

19

DEFENDANTS' MOTION TO COMPEL
INDIVIDUAL ARBITRATION, OR IN THE
ALTERNATIVE, MOTION TO STAY

2010 WL 5769125 at *2 (W.D. Wash. Dec. 10, 2010)). This decision proved prescient, as the Supreme Court reversed the Ninth Circuit.

Here, as in *Kwan* — and *Rittmann* — the Supreme Court's upcoming arbitration decision could determine whether thousands of potential plaintiffs in this case must instead arbitrate their claims. There can be no doubt that this determination has the potential to profoundly decrease the burden of this action on the Court and the litigants. That a minute fraction of DPs opted out of arbitration is beside the point. It is appropriate to stay proceedings where a Supreme Court decision may "simplify or complicate the class certification process" by possibly limiting—but not fully extinguishing—the size of the putative class. *See Rittmann*, Dkt. 77; *Lennartson*, 2016 WL 51747, at *5 (granting stay pending resolution of Supreme Court case that "could limit the size" of plaintiff's proposed class).

Further, insofar at this Court has any hesitation as to whether to compel arbitration, a stay will ensure that this Court has the benefit of the Supreme Court's guidance on key issues, including whether the opt-out provision in the TOS is enforceable under the NLRA—even accepting for argument's sake Plaintiffs' argument that DPs are employees. *See Matera*, 2016 WL 454130, at *3 (granting stay after finding that "regardless of which path the U.S. Supreme Court ultimately takes, [the decision on appeal] may provide substantial guidance" on the issue before this Court); *Centeno v. Inslee*, 310 F.R.D. 483, 491 (W.D. Wash. 2015) (granting stay after finding that Supreme Court's decision, even if not dispositive, was "likely to influence" the court's "understanding" of central issue in case); *McIalwain*, 2014 WL 12526281 at *1 ("For a stay to be appropriate it is not required that the issues of such proceedings [on appeal] are necessarily controlling of the action before the court.").

    **b.    The Ninth Circuit's Decision in *Swift* Could Substantially Narrow the Issues, Proof and Questions of Law in This Lawsuit.**

As held in *Rittmann*, Plaintiffs' mistaken contention here that the arbitration provision falls under the "transportation worker" exception in Section 1 of the FAA, *see supra* at 14-16, only "furthers supports a stay." *See Rittmann*, Dkt. 77 at 4. That same argument now is pending at the Ninth Circuit in *Doe v. Swift Transp. Company*, No. 17-15102. The Ninth

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 17-cv-02219 RS

20

DEFENDANTS' MOTION TO COMPEL
INDIVIDUAL ARBITRATION, OR IN THE
ALTERNATIVE, MOTION TO STAY

DB1/ 92064394

Circuit's decision in *Swift* will very likely guide this Court's decision on whether Plaintiffs' argument is correct, and thus undeniably simplify the issues in this case. Just last month the District Court in *Swift* stayed the case *in its entirety* pending the Ninth Circuit's decision. The *Swift* court's reasoning applies equally here.[9]

The District Court in *Swift* declined to compel arbitration of truck drivers allegedly misclassified as independent contractors after holding that the TW Exemption applied. *Doe 1 v. Swift Transp. Co.*, No. 10-00899, 2017 WL 67521, at *1 (D. Ariz. Jan. 6, 2017).[10] The defendants appealed and sought a stay of all proceedings before the District Court during the appeal. *Doe 1 v. Swift Transp. Co.*, No. 10-00-899, 2017 WL 758279, at *1 (D. Ariz. Feb. 24, 2017). As the *Swift* court recognized in considering the stay motion, the appeal "presents serious legal questions as to how a court should properly determine whether a contract of employment existed" under Section 1 of the FAA. *Id.* at *2. Accordingly, the District Court stayed all proceedings, explaining that the burdens of mass litigation compared to the costs of individual arbitration would be an irreparable harm. *Id.* at *3. The court further held that a stay would serve the public interest by avoiding a "potential waste of judicial time and resources" and because of the "substantial confusion and wasted efforts" of certifying and sending notice to a class which, if the defendants prevail on appeal, "would likely have to be decertified, requiring additional notices." *Id.* at *4. This same rationale weighs decidedly in favor of granting a stay here.

///

---

[9] The Ninth Circuit also has announced that it will hear argument in September 2017 on yet another issue squarely before this Court: whether a district court erred in certifying a class of drivers allegedly misclassified as independent contractors, where the overwhelming majority, as here, agreed to, and did not opt out of, binding individual arbitration. *O'Connor v. Uber Techs., Inc.*, No. 16-15595 (9th Cir.) (Dkts. 20, 36). In *Uber*, as here, the parties sharply contest the enforceability of class waivers under the NLRA, and the defendant, like Amazon in this case, expressly relies on *Johnmohammadi v. Bloomingdales, Inc.*, 755 F.3d 1072 (9th Cir. 2014), in arguing that the waivers at issue are fully enforceable. *O'Connor*, at Dkt. 36 at 1, 4-5. The Ninth Circuit's pending decision on multiple legal issues before *this* Court is further cause to grant a stay.

[10] The decision in *Swift* is readily distinguishable from the facts here on a number of key grounds. First and foremost, unlike the DPs, there was no dispute that the plaintiff-truckers in *Swift* were engaged in interstate commerce by transporting freight across state lines. *Id.* at *1.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 17-cv-02219 RS

21

DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION, OR IN THE ALTERNATIVE, MOTION TO STAY

DB1/ 92064394

**3.  If the Court does not Compel Arbitration, Denying the Stay Will Result in Hardship and Inequity for Defendants.**

The overwhelming majority of the putative class members, including Plaintiffs, waived their rights to bring a class action claim in court.  The pending Supreme Court decision could preserve this Court's limited resources by confirming that these individuals must arbitrate their claims.  If the Court does not dismiss Plaintiffs' claims and allows this action to proceed, extensive and complex discovery (including costly electronic discovery) on class certification and merits issues, additional motion practice, and other extensive litigation activity is sure to follow—all of which may very well be rendered moot by the Supreme Court's decision.  Such needless expenditures of time, judicial resources, and costs can be avoided simply by waiting until the Supreme Court rules in what is likely to be early next term.

The burdens that Amazon—and Plaintiffs and the Court—may face cannot be denied. As the Supreme Court has recognized, the difference between a bi-lateral arbitration and a putative class action proceeding is "fundamental," and Amazon will be irreparably harmed by being forced into putative class action litigation rather than the arbitration to which Plaintiffs and the overwhelming majority of DPs agreed.  *Stolt-Nielsen, S.A. v. AnimalFeeds, Int'l Corp.*, 130 S. Ct. 1758, 1775 (2010).  Should the Court find that the arbitration provision is unenforceable, the landscape of this action will immediately shift to Plaintiffs' inevitable attempt to certify a class action.  Defendants would be forced to bear the effort and expense of conducting and managing class discovery, defending against a motion for certification, and potentially, sending notice to thousands of DPs—only to have to inform those same individuals that they cannot bring their claims in court.  In that scenario, Amazon will have lost the benefit of its arbitration agreement.   These undeniable hardships are grounds for granting the stay.  *See, e.g.*, *Kwan*, 2011 WL 1213176, at *2 (concluding that the burdens associated with class discovery compared to individual arbitration supported staying the action pending the Supreme Court's decision on arbitrability in *Concepcion*); *Richards v. Ernst & Young, LLP*, No. C-08-04988 RMW, 2012 WL 92738, at *3 (N.D. Cal. Jan. 11, 2012) (holding that defendant would suffer irreparable harm by continuing to litigate a class action pending a stay, after finding that

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 92064394

Case No. 17-cv-02219 RS

22

DEFENDANTS' MOTION TO COMPEL
INDIVIDUAL ARBITRATION, OR IN THE
ALTERNATIVE, MOTION TO STAY

where a case proceeds as a class action "[t]his changes both the character of the litigation and the potential scale of expenses"); *Steiner v. Apple Computer, Inc.*, No. 07-04486, 2008 WL 1925197, at *5 (N.D. Cal. Apr. 29, 2008) (granting stay after denying motion to compel arbitration, noting deleterious effects of litigating putative class action).  For the same reasons, granting the stay also avoids the *in terrorem* effect, recognized by the Supreme Court, which results from the prospect of litigating claims on a class-wide basis when the parties have contracted for individual arbitration.  *Concepcion*, 563 U.S. at 350-51.

Finally, because the enforceability of the arbitration provision is so central to the scope and direction of this case, absent a stay the parties could be forced to re-litigate that issue following the Supreme Court's decision.  *McIalwain*, 2014 WL 12526281, at *2 (granting stay after finding that requiring the "parties to go forward could result in the hardship or inequity of relitigating the issue of subject matter jurisdiction . . .").  These costly and likely wasted efforts can be avoided simply by granting a brief stay.

### 4. A Temporary Stay Will Not Cause Any "Damage" to Plaintiffs.

In contrast to the burdens that would be imposed without a stay, Plaintiffs will not be "damaged" by a stay.  *See*, *e.g.*, *Stoican*, 2010 WL 5769125 at *2 (staying putative class action as of December 2010 where "resolution of *Concepcion* will come no later than June 2011").

As a practical matter, this Motion also should be considered as a practical matter in the context of the lifespan of class actions of this nature.  Cases of this nature—especially of this potential magnitude—tend to follow protracted schedules:  the larger the case, the longer the discovery period, and the more complicated the motion practice.  As noted above, this case faces the real prospect of interlocutory appeals or even writs of mandamus.  The lifespan of this case realistically will be measured in years, not months.  This is not mere advocacy; this is reality.[11]

---

[11] For example, in *Swift*, the plaintiffs filed their complaint in 2009, the district court's decisions *on arbitration* have been the subject of three opinions by the Ninth Circuit, and a fourth appeal is now pending. 2017 WL 67521 at *2-4, *appeal filed by Van Dusen v. Swift Transp. Co.*, No. 17-15102 (9th Cir., Jan. 19, 2017).  Discovery on "preliminary" issues began in *Swift* on July 22, 2014 and six motions directed at those issues were filed on June 10, 2016. *Id.* at *1 (citing Dkts. 548, 744, 751, 757, 763, 768, 771).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 17-cv-02219 RS

23

DEFENDANTS' MOTION TO COMPEL
INDIVIDUAL ARBITRATION, OR IN THE
ALTERNATIVE, MOTION TO STAY

DB1/ 92064394

IV.    **CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that the Court compel Plaintiffs to individual arbitration and dismiss this action or, in the alternative, that the Court stay this action pending the Supreme Court's decision in *Morris*, *Murphy Oil*, and *Lewis*.

Dated: May 11, 2017                              MORGAN, LEWIS & BOCKIUS LLP


                                                 By _____*/s/ Theresa Mak*_____
                                                    John S. Battenfeld
                                                    Christopher J. Banks
                                                    Theresa Mak
                                                    Attorneys for Defendants
                                                    AMAZON.COM, INC. and AMAZON
                                                    LOGISTICS, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 17-cv-02219 RS

24

DEFENDANTS' MOTION TO COMPEL
INDIVIDUAL ARBITRATION, OR IN THE
ALTERNATIVE, MOTION TO STAY

DB1/ 92064394