UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLEE KELLER, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>AMAZON.COM, INC., et al.,<br><br>　　　　　Defendants. | Case No. 17-cv-02219-RS |
| ADRIANA PONCE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM SERVICES, INC., et al.,<br><br>　　　　　Defendants. | Case No. 19-cv-00288-RS<br><br>**ORDER REQUESTING FURTHER BRIEFING AND VACATING HEARING DATE** |

Motions in both of these related actions are presently set for hearing on September 26, 2019. In the *Keller* action the parties have stipulated to lift the existing stay "for the sole purpose of hearing Amazon's Motion to Compel Arbitration," thereby suggesting that they do not intend the court to consider the pending motion to dismiss, stay, or transfer venue pursuant to the first-to-file rule (or, in the alternative, to dismiss under Fed. R. Civ. Proc. 12(b)(6)) at this juncture. In the *Ponce* action, Amazon's motion to compel arbitration *and* its motion to dismiss, stay, or transfer under the first-to-file rule are scheduled to be heard (along with motions to dismiss on alternative grounds). Amazon requests, however, that the motion to compel arbitration be addressed first, and

that the court reach the other motions only in the event arbitration is not compelled.

While arbitrability ordinarily is a threshold issue, so too is the question of whether to apply the first-to-file rule. As previously observed in *Keller*, taking up the arbitrability issue first would undermine the very interests served by the first-to-file rule, in the event it were to prove that application of the rule is warranted here. Conversely, however, it not apparent how resolving the first-to-file issue first would contravene any of the principles that ordinarily require a decision on arbitrability prior to reaching substantive issues. Accordingly, it is the tentative view of the Court that the appropriate course of action is to rule on the motions under the first-to-file rule prior to considering any of the other motions. When this issue previously arose, Amazon appeared to acknowledge the court had discretion to start with the first-to-file motion, although it suggested simply staying the matter was a better choice at that time.

Because the parties have not stipulated that the stay in *Keller* has been lifted for any purpose other than to address the arbitration motion, and because Amazon specifically requests the arbitration motion take precedence in *Ponce,* within one week of the date of this order Amazon may file a supplemental brief, not to exceed five pages, setting out any reasons it believes would preclude the court from lifting the stay in *Keller* and addressing the first-to-file motions in both actions prior to proceeding to arbitrability and the other arguments for dismissal. In the event Amazon concedes the court has discretion to address the issues in that sequence, it may offer argument as to why it believes the better course would be to address arbitrability first. Amazon may file an identical brief in both cases, or may adapt its arguments to each case, as it deems preferable. Plaintiffs in each case may file responsive briefs, each also not to exceed five pages, within one week thereafter. The matter will then be submitted for decision or reset for oral argument, in the court's discretion.

**IT IS SO ORDERED**.

Dated: September 23, 2019

_____
RICHARD SEEBORG
United States District Judge